**UNITED STATES of America**
**v.**
**George GOSS, Defendant.**

United States District Court
S. D. New York.
Jan. 14, 1965.

committed or was committing an offense. 26 U.S.C. § 7607. This is entirely a federal question. United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

Agent Manley testified at the December 2 hearing that at about 2 p. m. on April 22, 1964, he received a telephone call from an informer, who told him that Goss, the defendant, was going to meet some one at about 5 p. m. on 110th Street between Lenox and 7th Avenues and was going to get some narcotics from the person to be met. The informer gave the name of Goss plus a good physical description and a description of the clothes Goss was wearing that day.

The agents drove in a car along 110th Street about 5 p. m. They saw a man answering the description of Goss walking east on the south side of 110th Street between Lenox and 7th Avenues, saw him meet another man in mid block, and saw the other man hand Goss a newspaper.

They then followed Goss north on 7th Avenue to 117th Street, then along 117th Street between 7th and St. Nicholas Avenues, where—on the north side—he began to enter an automobile. The agents at that point arrested Goss and took from him the newpaper which they found sealed with "Scotch" tape. They broke the seals and thus found the glassine envelopes, concededly containing heroin.

It is clear that whether the agents had "reasonable grounds" depends on whether in fact there had been a telephone call from the informer, whether this call gave the agents the information to which they testified, and whether the agents reasonably believed the informer to be reliable. See United States v. Robinson, 325 F.2d 391 (2d Cir.1963); United States ex rel. Coffey v. Fay, 234 F.Supp. 543 (S.D.N.Y. 1964).

Under questioning by counsel for defendant, Agent Manley testified, without any objection by the government, that the name of the informer was Patrick Gonsalves; he also described Gonsalves and

---

Stone & Diller, New York City, for defendant.

Robert M. Morgenthau, U. S. Atty., Robert L. Latchford, Asst. U. S. Atty., of counsel, for the United States.

WYATT, District Judge.

This is a motion for defendant for an order under Fed.R.Crim.P. 41(e) suppressing for use as evidence certain narcotic drugs seized from defendant's person at the time of his arrest on April 22, 1964.

Evidence was received on the motion at hearings December 2 and 16, 1964. Agents Manley and Hughes of the Federal Bureau of Narcotics testified.

It appears without dispute that defendant was arrested and searched and a quantity of heroin in glassine bags, which defendant had been carrying in a newspaper, was taken from him. It is stipulated that there was no arrest warrant and no search warrant.

■ The motion turns, therefore, on whether the agents had "reasonable grounds to believe" that defendant had

testified to his reliability. He testified that at one time Gonsalves had a house off Sammis Street in Babylon, Suffolk County, Long Island, New York. Agent Manley was asked if he could get the present address and telephone number of the informer Gonsalves and he said that he could. The United States Attorney objected to furnishing this information. The Court ordered that the information be furnished to counsel for defendant.

At the close of the hearing on December 2, there was an adjournment to permit the government to furnish the address and telephone number of the informer to counsel for defendant, who could then decide whether or not to call the informer as a witness at the resumed hearing, or present further evidence.

When the hearing resumed on December 16, the government took the position that it had discharged its obligation by giving the name of the informer and it declined to give his address or telephone number. There is no suggestion for the government that it does not have this information. The argument for the government is that it has no obligation "to produce the informant or to state where he can be found" but that its obligation is "to protect an informant from harassment and reprisals". (Memorandum, page 5). It was frankly stated on December 16 by the United States Attorney that the Long Island house about which Agent Manley had testified was not a place where the informer could be found; in other words, it was not the last known address of the informer.

■ This is an obvious case where "disclosure of an informer's identity * * * is essential to a fair determination of a cause" and where accordingly "the privilege must give way". Roviaro v. United States, 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957).

The question narrows to whether the government need only give the name of the informer or must supply other information which it has concerning his identity.

There is no question involved as to production of the informant nor as to requiring the government to go out and obtain information for defendant.

The sole question is whether the government, in order to enable defendant to locate the informer, must give his present address and telephone number—information which the government is assumed, from the record, to have.

There can be but one answer to this question and that answer is "yes".

■ The normal privilege of the government is to withhold the identity of an informer. Once this privilege has been found not to exist—as in the case at bar —the government must *identify* the informer, that is, give such identifying information as will reasonably enable defendant to find the informer so as to be able to interview him in preparation for trial, to call him as a witness at trial, or —as in the case at bar—through him to test whether there were "reasonable grounds" for the arrest. Where the privilege does not exist, as here, there is no room for any argument for the government that it has an obligation "to protect an informant from harassment and reprisals".

The leading case, Roviaro, does not refer merely to *naming* the informer. The opinion speaks always of the "identity" of the informer and makes it clear that this means more than the mere *name*. For example, in Roviaro there had been a motion by defendant before trial for a bill of particulars as to the "name, address, and occupation" of the informer (353 U.S. at 55, 77 S.Ct. 623). The motion had been denied. The Supreme Court held this to be error. The Supreme Court said that "when his name and address were thus requested, the Government should have been required to supply that information or suffer dismissal of that count" (353 U.S. at 65, footnote 15 77 S.Ct. at 630).

It will be seldom that a name alone is sufficient to identify an informer. On this aspect, there is a well reasoned deci-

sion squarely in point. People v. Diaz, 174 Cal.App.2d 799, 345 P.2d 370 (1959).

The government having declined to identify the informer by disclosing his last known address and telephone number, the Court has no alternative but to grant the motion.

The motion is granted and the narcotic drugs seized from defendant on April 22, 1964, are suppressed for use as evidence.

So ordered.