22829

The STATE, Respondent v. John Henry BURNS, Appellant.

(364 S. E. (2d) 465)

Supreme Court

*Donald H. Howe* and *Alvin Hammer*, Charleston, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport*, Columbia, and *Sol. Charles M. Condon*, Charleston, *for respondent.*

Heard Sept. 8, 1987.

Decided Jan. 25, 1988.

FINNEY, Justice:

Appellant John Henry Burns was sentenced after being convicted on two counts of possession of controlled substances (cocaine and heroin) with intent to distribute. We reverse and remand the case for a new trial.

An unidentified informant informed Charleston police that appellant had received a large shipment of narcotics. Because this information could not be corroborated, Charleston police officials sought the assistance of a second

informant, Jim Woods. Woods claimed to have purchased cocaine and heroin from the appellant on prior occasions and that he had observed appellant with large quantities of drugs on his person or in his automobile. Acting at the behest of the police, Woods made a telephone call to arrange a drug transaction at a specific location. As appellant approached the location on foot, police stopped, questioned and frisked him, securing only his automobile keys. The police and appellant then proceeded to appellant's automobile, which was parked approximately one block from the point of the investigatory stop. A police officer saw a film container in appellant's vehicle, seized the container and discovered that it contained cocaine. Subsequently police searched the vehicle and confiscated additional drugs.

Appellant alleges the trial court erred in failing to grant him a continuance because of the unavailability of informant Woods. Prior to trial, appellant moved to have the name of the informant produced. On February 6, 1986, a motion hearing was held, and the court ruled that the identity of the state's confidential informant had to be disclosed because he was material to appellant's case. *See, Roviaro v. United States*, 353 U. S. 53, 77 S. Ct. 623, 1 L. Ed. (2d) 639 (1957); and *State v. Diamond*, 280 S. C. 296, 312 S. E. (2d) 550 (1984). The following day the solicitor provided the informant's name. Later that day, appellant's counsel served a supplemental *Brady* motion requesting pertinent identifying information the state possessed concerning the informant. The state did not provide the supplemental information. On February 13, 1986, immediately before trial, appellant requested that the state answer the supplemental *Brady* motion and that he be granted a continuance in order to attempt to locate Woods. Thereupon, the state informed appellant and the court that it no longer had contact with Woods and did not produce any additional information relating to him or his whereabouts. The Court then denied appellant's motion for a continuance.

The right of an accused to learn the identity of an informant includes more than the state's revelation of the informant's name. *See, United States v. Goss*, 237 F. Supp. 26 (S. D. N. Y. 1965). In cases where the informant's testimony relates to the offense, preliminary matters such

as search and seizure, or other constitutional matters, the defense is entitled to a reasonable opportunity to search for the informant. *Renzi v. Commonwealth of Virginia*, 794 F. (2d) 155 (4th Cir. 1986). *See also, United States v. Freund*, 525 F. (2d) 873 (5th Cir. 1976). In the instant case, appellant was not afforded an opportunity to search for, interview or call Woods as a witness because of the state's failure to answer appellant's supplemental *Brady* motion until trial. The state contends that since appellant "made no effort to establish the basis for the materiality of the informant's testimony or the need for the continuance through affidavits ...", the judge acted properly because of the lack of information to make an informed ruling. *S. C. Rule of Civ. P.*, Rule 40(c)(2) (1987).[1] Such an argument attempts to constrain the meaning of materiality. In our opinion, once the circuit court rules that Woods' identity had to be disclosed because he was material to appellant's case, the basis for the materiality of the informant had been established. Thus, the appellant is entitled to information in the state's possession which would aid in locating and identifying Woods as well as a reasonable opportunity to search for him. *See, Roviaro v. United States, supra;* and *Renzi v. Commonwealth of Virginia, supra.*

Since Woods had been ruled material to appellant's case and the state failed to answer the supplemental *Brady* motion, appellant was deprived of the *opportunity* to locate Woods. Therefore, we conclude that there was an abuse of discretion in denying appellant's motion for continuance. Accordingly, we reverse the decision of the trial court and remand this case for a new trial. Furthermore, it is directed that the Solicitor's Office disclose information in its possession which will assist the appellant in searching for Woods. In view of this Court's disposition of the foregoing issue, it is unnecessary to address appellant's remaining exceptions.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.

---

[1] Former Circuit Court Practice Rule 27 was not retained by South Carolina Rules of Civil Procedure Rule 85(b), however, this court recognizes its continued application.