## 19870

The STATE, Respondent, v. John B. SHUPPER, Appellant

(207 S. E. (2d) 799)

54

*Kale R. Alexander, Esq.,* of Columbia, *for Appellant,*

Messrs. *Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, *for Respondent,*

August 5, 1974.

BRAILSFORD, Justice:

At about 1:00 A.M. January 5, 1973, officers of the Richland County Sheriff's Department received information that a quantity of hashish had just been received at defendant's residence and was being prepared for sale. A search warrant was secured from a magistrate on an affidavit which did not identify the informant. The warrant was served on defendant at his home at about 2:00 A.M. The officers found a quantity of hashish and two spots of LSD in his possession. He was subsequently convicted of possession of these drugs. On this appeal he charges that the court erred in refusing to require the State to disclose the name of the confidential informer and in refusing to suppress the evidence produced by the search of his premises.

The case against the defendant was rested upon the testimony of the officers that they went to defendant's residence at 2:00 A.M., read the search warrant to him in the presence of his wife, searched the premises and found a plastic case containing a large quantity of a substance wrapped in tinfoil and a piece of brown paper with two spots on it, and the testimony of a SLED chemist that the substance was 408.3 grams of hashish and that the spots were LSD. The informer's role was limited to furnishing confidential information to the officers. He was not otherwise a participant or witness.

The prosecution in a criminal case is ordinarily not required to divulge the name of a confidential informer, but his identity must be revealed whenever the informer's testimony may be relevant and helpful to the defense. The authorities dealing with the privilege against disclosure, its application and exceptions were adequately reviewed and analyzed in *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973), and will not be repeated here. *Bat-*

*son* recognizes "that the burden is upon the accused to show facts and circumstances giving rise to an exception to the privilege. . . ." 198 S. E. (2d) at 520. Suffice it to say that the defendant made no showing whatever that his lot may have been improved by the informer's testimony. In truth, he was caught red-handed and had no defense, unless it was his previously unblemished reputation, for which the jury gave him full credit by convicting him of simple possession, despite the statutory presumption that possession of such a quantity of hashish was with intent to distribute.

The legality of the search is challenged on three grounds.

The date typed on the search warrant was January 5, 1972, and the search was made January 5, 1973, in violation, it is claimed, of Section 17-271, Code of 1962 (Cum. Supp.), which requires execution and return "within ten days after (the warrant) is dated." This was a mere typographical error not affecting the validity of the search which actually occurred within an hour or two of the issuance of the warrant.

The warrant directed that the search be made in the daytime; hence, it is claimed, the 2:00 A.M. search was illegal. When the officers received the information at about 1:00 A.M., they considered it urgent that defendant's premises be searched forthwith. One of them hurriedly typed the affidavit and warrant on a printed form, which was adaptable to direct that the search be made either in the daytime or night, or both, depending on which words of the form were stricken. Inadvertently, the typist struck the wrong words so that the warrant which was presented to and signed by the magistrate shortly before 2:00 A.M. commanded a search in the daytime. This mistake was discovered on the following day when the return was made, and the magistrate undertook to rectify it by inserting the words "or night" at the appropriate place.

This warrant was issued under Section 17-271 which authorized the issuance of warrants by magistrates and other

judicial officers to search for, *inter alia,* contraband drugs, upon affidavits establishing probable cause, without distinction between searches made in the day and those made at night. It was, therefore, unnecessary for the warrant to specify the time for the search, and this direction may be disregarded as surplusage.

In any view of the case, it is perfectly apparent that when the magistrate was sought out at this hour of the morning, he knew that the officers intended to execute the warrant before daylight, and he intended to authorize them to do so. We refuse to exalt technicality by holding that the search was illegal because of the irrelevant mistake in verbiage, which went unnoticed by the officers and by the defendant when the warrant was served, and resulted in no possible prejudice to the defendant's rights.

Finally, the defendant argues that the facts stated in the officer's affidavit were insufficient to support a finding by the magistrate of probable cause for the search. It must be conceded that the facts stated are, at best, minimal. However, they need not be weighed for sufficiency because the point has not been properly preserved for review here.

In the first place, the claimed deficiency in the affidavit was not made a ground of the challenge to the validity of the search warrant at the trial. Furthermore, the only relevant exception fails to challenge the sufficiency of the affidavit. Instead, the error complained of is that *"it was shown upon the trial* that the alleged informant, as set forth in the Affidavit was, in fact, not reliable and that no probable cause therefore existed for the issuance of a Search Warrant." Lack of merit is apparent on the face of the exception.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, J.J., concur.