22041

The STATE, Respondent, v. William DIAMOND, Appellant.

(312 S. E. (2d) 550)

Supreme Court

*Jack B. Swerling,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Feb. 14, 1984.

GREGORY, Justice:

Appellant William Diamond was convicted of selling heroin and sentenced to nine years' imprisonment. The main issues on appeal concern the trial judge's refusal to charge the law of alibi and his refusal to require the State to disclose the identity of the confidential informant. We reverse and remand for a new trial.

Phillip Wilkins, an undercover police officer, allegedly purchased heroin from Diamond, after being introduced to Diamond by a confidential informant. Five months later Diamond was arrested. Eleven months after the sale he was tried.

Diamond first argues the trial judge erred in refusing to charge the law of alibi. We disagree.

"To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime." *State v. Robbins*, 275 S. C. 373, 271 S. E. (2d) 319 (1980). Diamond concedes in his brief that he could not recall at trial his whereabouts at the time of the crime, but simply testified he had never seen Wilkins. Mere denial of one's presence at the scene of a crime does not constitute an alibi. *Id.* We find no error.

Diamond next argues the trial judge erred in refusing to require the State to disclose the identity of the confidential informant. We agree.

The leading case on the informant's privilege is *Roviaro v. United States*, 353 U. S. 53, 77 S. Ct. 623, 1 L. Ed. (2d) 639 (1957). To determine whether disclosure was necessary, the Court balanced the public interest in protecting the flow of information of criminal activities against the individual's right to prepare his defense. In *Roviaro*, only the accused and the informant actually participated in the drug transaction. A police officer and a federal narcotics agent observed the transaction, the officer through the slightly raised trunk of the informant's car and the agent from a sidewalk approximately 100 feet away. The Court held the government should have disclosed the identity of the informant, finding the accused's opportunity to cross examine the officer and agent was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction.

In *McLawhorn v. North Carolina*, 484 F. (2d) 1 (4th Cir. 1973), the court stated a factor which tends to show the prosecution is not entitled to withhold from the accused the informant's identity is the qualification of the informant to testify directly concerning the transaction. The court distinguished "tipsters" from "participants" in determining whether to sustain the invocation of the privilege of non-disclosure, and held disclosure is required where an informant is an actual participant, particularly where he sets up the criminal transaction. See also *State v. Bernotas*, 277 S. C.

106, 283 S. E. (2d) 580 (1981), *cert. denied*, 455 U. S. 1017, 102 S. Ct. 1711, 72 L. Ed. (2d) 134 (1982).

This Court, discussing the informant's privilege in *State v. Batson*, 261 S. C. 128, 198 S. E. (2d) 517, 520 (1973), stated:

> The disclosure of the identity of one who is merely an informer and not a participant nor a material witness is not generally required. Where, however, the informer is also a participant and/or a material witness on the issue of guilt or innocence, disclosure may or may not be required depending upon various factors and circumstances. . . .

The record shows the informant introduced the undercover police officer to Diamond and told Diamond the officer wanted "to pick up a package." Diamond gave the informant the package of heroin, the informant immediately gave it to the undercover police officer, and the officer gave Diamond $25.00. The informant was clearly a participant in the transaction, not a mere "tipster" or witness or, as the trial judge ruled, a "conduit."

During the drug transaction, another police officer, Lewis Johnson, allegedly cruised by in his car. He testified he recognized Diamond sitting in a yellow car parked in Washington Carver Village. Johnson testified he did not observe the drug transaction, but listened to it with a bugging device. He further testified he heard Diamond talk during the transaction. The undercover officer had previously testified Diamond did not talk during the transaction. Johnson testified he ran a check on the yellow car in which Diamond was sitting and it came back as registered to Diamond. Evidence presented by the defense showed that a check would have shown the car was registered to one George Maple. Johnson testified Jack Swerling, appellant's counsel, was present at the preliminary hearing and Johnson told him the informant's name in the hallway of the courthouse. Mr. Swerling did not attend the preliminary hearing; another lawyer attended on behalf of Diamond. Johnson testified at the preliminary hearing that the informant was not involved in the drug transaction. At trial, he testified the informant was involved in the drug transaction. Clearly, Officer Johnson's testimony is, at best, confused and contradictory.

Officer Wilkins testified he had not seen Diamond before the drug transaction nor after, until some eleven months later at trial. He further testified he spent only four or five minutes with Diamond at the time of the drug transaction.

Diamond contends the credibility of Officer Johnson was sufficiently impeached and the possibility of misidentification by Officer Wilkins justified disclosure of the identity of the informant, the only other person who could testify concerning the drug transaction.

Evidence of entrapment, misidentification, intent or knowledge is available only to persons who actively participate in a transaction. *Roviaro, supra; McLawhorn, supra.* Diamond contends the disclosure of the identity of the informant may assist him in his defense of misidentification. As was noted in *Roviaro* and *McLawhorn,* the informant may have thrown doubt upon the accused's identity. Whether to call an informant as a witness is a matter for the accused rather than the State to decide. *Id.* Public policy considerations for nondisclosure of an informant's identity are absent where the informant openly participates in the criminal transaction. The State's evidence had the informant face to face with appellant for four to five minutes, talking with him to arrange the purchase and actually receiving the heroin from appellant.

Considering the various factors and circumstances surrounding the drug transaction and the testimony given by the police officers, we hold the trial judge erred in refusing to require the State to disclose the identity of the informant. Accordingly, we reverse and remand for a new trial with instructions that the State provide Diamond with the identity of the informant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.