0563

The STATE, Respondent, v. Paul BLYTHER, Appellant.

(336 S. E. (2d) 151)

Court of Appeals

*Linwood S. Evans, Jr.* of *Weinberg, Brown & McDougall,* Sumter, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Sept. 18, 1985.

Decided Oct. 22, 1985.

GOOLSBY, Judge:

Paul Blyther appeals his conviction for distribution of marijuana. He contends the trial court erred in refusing to require the State to disclose the identity of an informant. We agree and therefore reverse the judgment below and remand the case for a new trial.

On December 19, 1983, at approximately 6:25 p.m., and as part of a long-term investigation into illegal liquor and drugs in Sumter County, an agent of the State Law Enforcement Division (SLED) and an informant went to a house on Sampson Street in the City of Sumter. The informant knocked on the door. A man came out the door onto the porch. The informant introduced him to the SLED agent as "Paul White." The SLED agent asked White whether "he had anything to smoke." White acknowledged he did and displayed several bags of marijuana. The SLED agent then took a "nickel" bag from White's hand and paid White for the marijuana in the informant's presence.

Later the same evening, the SLED agent described White in a written report as a black male in his late thirties or early forties, standing approximately 5 feet, 8 inches tall, weighing approximately 180 pounds, and having gray hair mixed with black. The SLED agent's report contained no mention of any other distinguishing characteristics possessed by White, such as a mustache and missing teeth.

The SLED agent made no more drug purchases from White.

Officers arrested Blyther at the Sampson Street address three and one-half months after the drug sale upon an arrest warrant issued against Paul White. The SLED agent identified Blyther as White while Blyther sat in a police cruiser with two officers.

At Blyther's trial held seven months after the drug sale, the trial court sustained the State's objection to Blyther's questions seeking the identity of the informant. The trial court ruled the SLED agent was not required, "to disclose the name of a confidential informant."

Throughout the trial Blyther maintained the SLED agent misidentified him. He testified he was not present on Sampson Street when the drug transaction took place. Blyther claimed he saw the SLED agent for the first time at the preliminary hearing held on June 12, 1984.

Blyther described himself in his testimony before the jury as standing 5 feet, 11 inches tall, weighing 175 pounds, missing six or seven teeth, and having a mustache. He testified he possessed all these physical characteristics in December, 1983. Blyther insisted he had never been known as "Paul White." He stated he lived on McCray's Mill Road and not at the house on Sampson Street where he was arrested.

Blyther learned for the first time at trial an informant was involved in the drug purchase.

An informant's identity need not be disclosed where either the informant possesses only a peripheral knowledge of the crime [*State v. Walls*, 294 S. E. (2d) 272 (W.Va. 1982)] or is a mere tipster who supplies a lead to law enforcement authorities. *State v. Grainger*, 60 N. C. App. 188, 298 S. E. (2d) 203 (1982), *review denied*, 307 N. C. 579, 299 S. E. (2d) 648 (1983). Where, however, the informant either is a material witness to the crime or directly participates in it, disclosure may be required [*State v. Batson*, 261 S. C. 128, 198 S. E. (2d) 517 (1973)], particularly where, in a drug related crime, he is the only witness to the transaction other than the buyer and the defendant. *State v. Walls*, *supra; Commonwealth v. Taliceo*, 13 Mass App. 925, 430 N. E. (2d) 1220 (1982).

In the present case, the informant was more than peripherally involved since he introduced the SLED agent to the drug dealer and witnessed the drug sale.

The recent case of *State v. Diamond,* 280 S. C. 296, 312 S. E. (2d) 550 (1984), dictates the result we must reach in the instant case. *See* Ghent, *State v. Diamond: Compelled Disclosure of an Informant's Identity and the Law of Informant Privilege as a Function of Nonconstitutional Considerations,* 36 S.C.L. Rev. 443 (1985). In *Diamond,* where the defendant also claimed misidentification, the Supreme Court held the trial court committed reversible error in not requiring the State to disclose the identity of an informant.

The facts in *Diamond* differ only slightly from those here. There, the informant introduced the undercover police officer to the drug dealer and suggested to the drug dealer that the officer wanted to buy some drugs. The informant received the drugs directly from the drug dealer and immediately gave them to the officer who then paid the drug dealer for the drugs. In this case, the officer negotiated the purchase and the drug dealer passed the drugs directly to the officer.

In both cases, however, the informant introduced the officer to the drug dealer and witnessed the transaction. Also, in both cases, the defendant was not arrested immediately after the sale but was arrested months later.

Considering the circumstances surrounding the sale in this instance [*State v. Batson, supra*] and the differences between Blyther's in-court physical description and the physical description given by the SLED agent of the drug dealer, we hold the trial court erred in denying Blyther the identity of the informant. Obviously, the informant was in a position to offer testimony that might have been "relevant and helpful" to Blyther's defense. *Roviaro v. United States,* 353 U. S. 53, 60-61, 77 S. Ct. 623, 628, 1 L. Ed. (2d) 639, 645 (1957).

We do not reach the issue raised by Blyther concerning the trial court's failure to declare a mistrial based on certain remarks made by the presiding judge in the jury's presence during the progress of the trial.

Blyther, we recognize, never moved for a new trial based on the trial court's refusal to require the State to disclose the informant's identity. Under present

practice, however, the motion was not needed for Blyther to preserve the error and to gain a new trial because of it where the objection that prompted the error was ruled on by the trial court. *See City of Columbia v. Myers*, 278 S. C. 288, 294 S. E. (2d) 787 (1982); *J. W. Green Co. v. Turbeville*, 263 S. C. 456, 210 S. E. (2d) 743 (1974); *Bowers v. Watkins Carolina Express, Inc.*, 259 S. C. 371, 192 S. E. (2d) 190 (1972); *Bell v. Atlantic Coast Line R. Co.*, 202 S. C. 160, 24 S. E. (2d) 177 (1943); *Sherer v. James*, 334 S. E. (2d) 283 (S. C. Ct. App. 1985); *Brown v. Howell*, 284 S. C. 605, 327 S. E. (2d) 659 (Ct. App. 1985); M. Whaley, *Handbook of South Carolina Trial and Appellate Practice* at 249 (1959); 5 Am. Jur. (2d) *Appeal and Error* § 555 at 39 (1962); 4 C.J.S. *Appeal and Error* § 352 at 1179 (1957).

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.