22803

The STATE, Respondent v. Jackson D. BURNEY, Appellant.

(362 S. E. (2d) 635)

Supreme Court

*J. H. Price, III*, Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia and *Solicitor Joseph J. Watson*, Greenville, *for respondent.*

Heard Oct. 6, 1987.

Decided Nov. 23, 1987.

CHANDLER, Justice:

These two criminal cases, consolidated for appeal, resulted in appellant, Jackson D. Burney's (Burney), conviction for unlawful possession of a controlled substance, trafficking in cocaine, possession of a pistol with an altered serial number, possession of a sawed-off shotgun, and simple possession of marijuana. We affirm.

The only issue raised by Burney with which we are concerned relates to the State's refusal to reveal the identity of a confidential informant.

In early 1985, the Greenville County Sheriff's Department began an investigation of Burney. On March 1, 1985, a confidential informant made a controlled substance buy of cocaine from Burney at his residence. The police did not obtain a search warrant at that time, preferring to wait for information leading to the purchase of a larger quantity of drugs from Burney. Burney was not charged with any crime for his participation in the controlled buy.

During the next ten months the confidential informant twice went to Burney's residence but noticed no large amounts of drugs. Finally, in January 1986, the informant did observe a large quantity of drugs at the residence.

Based upon the informant's observations, a warrant was obtained to search Burney's house. The affidavit supporting the search warrant stated, among other things, that the confidential informant had made a controlled purchase of cocaine from the premises to be searched.

The police, executing the warrant on January 17, 1986, seized drugs, drug paraphernalia, and weapons.

Burney's pre-trial motion to compel the State to disclose the identity of the confidential informant was denied.

Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant is an active participant in a criminal transaction. *State v. Diamond*, 280 S. C. 296, 312, S. E. (2d) 550 (1984); *State v. Blyther*, 287 S. C. 31, 336 S. E. (2d) 151 (Ct. App. 1985). Appellant argues the informant's identity should have been revealed because he participated in the investigation of appellant. We disagree.

The confidential informant's role in this case was limited to supplying the police with information regarding Burney's possession of narcotics. Although he did participate in the controlled buy in 1985, the transaction here served only to aid in establishing the informant's reliability. The informant did not participate in the drug bust

of January 17, 1986, or in any other transaction involving the possessory offenses for which Burney was tried and convicted.

Unlike the informants in *Diamond* and *Blyther*, the confidential informant here was a "tipster" whose identity was not important to the issue of guilt or innocence. *See State v. Bernotas*, 277 S. C. 106, 283 S. E. (2d) 580 (1981); *State v. Shupper*, 263 S. C. 53, 207 S. E. (2d) 799 (1974). Disclosure of the informant's identity was not required.

The remaining issues are affirmed pursuant to Supreme Court Rule 23. *State v. Adams*, 291 S. C. 132, 352 S. E. (2d) 483 (1987); *State v. Pressley*, 288 S. C. 128, 341 S. E. (2d) 626 (1986); *State v. Stroman*, 281 S. C. 508, 316 S. E. (2d) 395 (1984); *State v. Sullivan*, 277 S. C. 35, 282 S. E. (2d) 838 (1981); *State v. Viard*, 276 S. C. 147, 276 S. E. (2d) 531 (1981); and *Ellis v. State*, 267 S. C. 257, 227 S. E. (2d) 304 (1976).

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.