2525

The STATE, Respondent v. Andris A. WRIGHT, Appellant.

(472 S.E. (2d) 642)

Court of Appeals

*Assistant Appellant Defender Lesley M. Coggiola,* of the *South Carolina Office of Appellant Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott* and *Assistant Attorney General G. Robert DeLoach, III,* all of Columbia; and *Solicitor Thomas E. Pope,* York, *for respondent.*

Submitted June 4, 1996.

Decided June 17, 1996.

HUFF, Judge:

Appellant was indicted for distribution of crack cocaine and conspiracy to distribute crack cocaine. The trial judge declared a mistrial on the distribution charge and appellant was convicted on the conspiracy count and sentenced to ten years imprisonment. We affirm.[1]

---

[1] Because oral argument would not aid the Court in resolving the issue, we decide this case without oral argument.

The only issue before us on appeal is whether the trial judge erred in failing to require the State to disclose the identity of a confidential informant.

On June 9, 1994 SLED Agent Ronnie Smith, along with a confidential informant, drove to 733 Clarinda Street in an operation aimed at the purchase of illegal drugs. Agent Smith saw a couple of people standing in the yard and called out to a man standing closer to the roadway, asking if he knew where he could "get a twenty." This individual, later identified as Rodney Elliot Henderson, made a hand gesture to Agent Smith to wait, walked up to the house and spoke to a person sitting on the screened porch. The individual sitting on the porch was later identified as appellant, Andris A. Wright. After talking to Wright, Henderson stuck his hand through a hole in the screen and Wright handed Henderson an object. Henderson then walked back to the car and handed Agent Smith two hard rock crack substances. Agent Smith then gave Henderson a $20.00 bill which had been previously photocopied. After paying Henderson, Agent Smith immediately drove away and radioed the surveillance team to let them know the transaction had been completed.

Detective Charles Grant and Investigator Thomas Hutchinson monitored the drug transaction through a body transmitter worn by Agent Smith. During the operation, Agent Smith advised the surveillance officers there were several people in the yard at 733 Clarinda Street. He further described the subject sitting on the porch as a man wearing a green shirt who appeared to have something in his lap, and was possibly drawing. The surveillance officers arrived at the scene within a few minutes of Agent Smith's departure. Upon arrival, the officers observed a black male with a green shirt sitting· in the front area of the screened porch, who appeared to have a large board on his lap, drawing. Officer Hutchinson recognized the man as Andris Wright. Wright was sitting within an arm's length of a hole in the screen. Appellant agreed to a search, at which time the officers recovered from his pocket the same $20.00 bill used by Agent Smith to make the purchase. The officers also made a videotape for identification of the subjects on the scene. Within forty-five minutes of making the purchase, Agent Smith viewed the video and confirmed Wright was one of the individuals involved.

At the call of the case, counsel for appellant made a motion that the State be required to reveal the identity of the confidential informant, arguing he was a material witness to the events that transpired. The State asserted the confidential informant was not a material witness as he did not ask for nor receive the drugs, and took no part in the drug transaction, but was merely present in the car. The State further asserted there was nothing to indicate the confidential informant would be able to provide any exculpatory evidence.

Agent Smith testified the role of the confidential informant in this case was merely to be a familiar face to the people of the neighborhood. He stated the confidential informant was a witness to the transaction, but did not participate in any way. When questioned about a Rock Hill Police Department surveillance report which indicated the confidential informant asked for the drugs, Agent Smith explained he was sometimes referred to in the report as the confidential informant, that he did not prepare the report, and the wording was wrong. Agent Smith testified he was the one who asked for the drugs. The trial judge found the confidential informant was not a material witness such as would require the State to disclose his identity.

At common law the prosecution in a criminal case is ordinarily privileged to withhold from an accused disclosure of the identity of persons who furnished information relative to violations of law to officers charged with the enforcement thereof. Such privilege is founded upon public policy to protect effective law enforcement, but it is not absolute and is subject to certain limitations and exceptions. *State v. Batson*, 261 S.C. 128, 198 S.E. (2d) 517 (1973). The court must balance the public interest in protecting the flow of information of criminal activities against the individual's right to prepare his defense. *Id.; State v. Diamond*, 280 S.C. 296, 312 S.E. (2d) 550 (1984). Generally, the State may not be compelled to divulge the name of a confidential informant, but the privilege of nondisclosure must give way to the rights of the accused where the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused. *State v. Shupper*, 263 S.C. 53, 207 S.E. (2d) 799 (1974); *State v. Bultron*, — S.C. —, 457 S.E. (2d) 616 (Ct. App. 1995).

Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant is an active participant, particularly where he sets up the criminal transaction. *Diamond*, supra; *State v. Burney*, 294 S.C. 61, 362 S.E. (2d) 635 (1987). The disclosure of the identity of one who is merely an informer and not a participant nor a material witness is not generally required. Where, however, the informer is also a participant and/or a material witness on the issue of guilt or innocence, disclosure may or may not be required depending on various factors and circumstances. *Batson*, supra. In determining whether disclosure of an informant's identity is essential to the defense, the trial court must determine whether the informant is a mere "tipster" who has only peripheral knowledge of the crime or an active participant in the criminal act and/or a material witness on the issue of guilt or innocence. *Bultron*, supra. An informant's identity need not be disclosed where the informant possesses only a peripheral knowledge of the crime or is a mere tipster who supplies a lead to law enforcement authorities. *State v. Blyther*, 287 S.C. 31, 336 S.E. (2d) 151 (Ct. App. 1985). Where, however, the informant is either a material witness to the crime or directly participates in it, disclosure may be required, particularly where, in a drug-related crime, he is the only witness to the transaction other than the buyer and the defendant. *Id.*

Even if the informant is an active participant in the criminal act and/or a material witness, the court may still sustain an invocation of the nondisclosure privilege if other factors and circumstances warrant doing so. *Bultron*, supra. The trial court must balance the public's interest in perpetuating the flow of vital information to law enforcement officials against the right of the individual to prepare his defense. *Id.* The burden is on the accused to show facts and circumstances giving rise to the exception to the privilege against disclosure. *Batson*, supra; *Shupper*, supra.

Turning to the facts of this case, we find the appellant has failed to show he is entitled to disclosure of the identity of the informant. The record shows the informant was not an active participant in the criminal transaction and clearly had no part in setting it up. He did not ask for nor receive the drugs, and took no part in the drug transaction,

but was merely present in the car.

We further find disclosure of the identity of the confidential informant is not required based upon his observation of the criminal activity. While the informant inferentially observed the activity, he did so only from the car. There is no indication he came within close proximity of the appellant, but only that of another participant in the transaction. Neither is there any indication he supplied any sort of description of appellant to authorities, nor identified appellant as having participated in the criminal act. Further, the record shows this individual was not the only other witness to the transaction aside from the buyer and the defendant. Not only was there another participant, Henderson, there is evidence of record there were a couple of other people present in the vicinity at the time of the transaction.

There is simply no evidence the informant's identity is relevant and helpful to the defense, or is essential for a fair determination of the State's case against appellant. Balancing the public interest against the appellant's rights, we hold, under the facts of this case, that disclosure of the informant's identity was unwarranted. We therefore affirm the ruling of the trial judge.

Affirmed.

CONNOR and HEARN, JJ., concur.