579 S.E.2d 613

**The STATE, Respondent,**

v.

**Claude and Phil HUMPHRIES, Petitioners.**

No. 25629.

Supreme Court of South Carolina.

Heard March 4, 2003.
Decided April 14, 2003.
Rehearing Denied May 14, 2003.

88

C. Rauch Wise, of Greenwood, for petitioners.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Assistant Attorney

General Melody J. Brown, all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for respondent.

Justice BURNETT.

Petitioners Claude and Phil Humphries were convicted of trafficking in marijuana. They were each sentenced to twenty-five years imprisonment and fined $25,000. The Court of Appeals affirmed the convictions. *State v. Humphries*, 346 S.C. 435, 551 S.E.2d 286 (Ct.App.2001). We granted a writ of certiorari to review the Court of Appeals' decision and now reverse.

## *ISSUES*

I.  Did the Court of Appeals err by affirming the trial judge's refusal to order the State to disclose the identity of the confidential informant?

II. Did the Court of Appeals err by holding improperly admitted "bad act evidence" was harmless error?

## *I.*

■ Petitioners argue the Court of Appeals erred by affirming the trial judge's refusal to require the State to disclose the identity of the confidential informant. They assert the confidential informant was a material witness, not a tipster. We disagree.

At the beginning of trial, petitioners requested the court order the State to disclose the name of the confidential informant. The assistant solicitor stated the confidential informant was not a material witness, but simply notified law enforcement that a package containing drugs was going to be delivered by United Parcel Service (UPS) to petitioners' automotive garage.[1] The assistant solicitor further stated, as a result of the confidential informant's tip, a UPS package addressed to petitioners' garage was seized by law enforcement, a drug detection dog identified the package as containing drugs, and the package was later delivered to the garage by an undercover officer disguised as a UPS employee. The

---

1. Petitioner Claude Humphries owned C & J Automotive. At times, his brother, Petitioner Phil Humphries, worked at C & J.

confidential informant was not present when the package was seized, the dog identified the package as containing drugs, or when the package was delivered to the garage by the under-cover officer.

The trial judge ruled he was "not convinced at this point that the confidential informant was more than a mere tipster." He advised petitioners that, should it develop during trial that the informant was a material witness, he would entertain a new motion for disclosure.

Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused. *State v. Shupper*, 263 S.C. 53, 207 S.E.2d 799 (1974). For instance, if the informant is an active participant in the criminal transaction and/or a material witness on the issue of guilt or innocence, disclosure of his identity may be required depending upon the facts and circumstances. *State v. Burney*, 294 S.C. 61, 362 S.E.2d 635 (1987); *State v. Diamond*, 280 S.C. 296, 312 S.E.2d 550 (1984); *State v. Batson*, 261 S.C. 128, 198 S.E.2d 517 (1973). On the other hand, an informant's identity need not be disclosed where he possesses only a peripheral knowledge of the crime or is a mere "tipster" who supplies a lead to law enforcement. *State v. Burney, supra; State v. Wright*, 322 S.C. 484, 472 S.E.2d 642 (Ct.App.1996). The burden is upon the defendant to show the facts and circumstances entitling him to the disclosure. *State v. Shupper, supra.*

The Court of Appeals correctly held the trial judge did not abuse his discretion by failing to require the prosecution to disclose the name of the confidential informant. *At the time he made his ruling,* the only information before the trial judge was that the confidential informant notified law enforcement that a package containing illegal narcotics would be delivered by UPS to petitioners' garage. Petitioners failed to meet their burden establishing the informant was anything more than a mere tipster.

## II.

The majority of the Court of Appeals' panel held the trial judge erred by admitting certain "bad act evidence"

under the common scheme or plan exception in Rule 404(b), SCRE; it nonetheless concluded the erroneous admission was harmless. *State v. Humphries, supra.*[2] The controversial evidence is testimony by Jeffrey Seruya, a prior employee, which suggests Petitioner Claude Humphries had marijuana delivered to Seruya's residence after Claude's arrest on the underlying criminal charge.[3]

The Court of Appeals erred by concluding Seruya's testimony concerning Claude's delivery of marijuana to his residence and his redelivery of the marijuana to Claude was harmless error. The evidence against petitioners consisted of 1) acceptance of a package delivered from UPS with a return address from an automotive parts business in California (at the time of petitioners' arrest, the package had not been opened, or, apparently, even moved from where Phil placed it upon its receipt); 2) $4500 in cash (wrapped in a rag and stored in a desk drawer at an automotive garage) with the scent of narcotics; and 3) Seruya's testimony stating he was suspicious illegal activity was taking place at C & J Automotive, was told not to open packages from California during his employment, and claimed the package seized by law enforcement from C & J Automotive was similar in appearance (i.e., brown box with gummed label) to those boxes he was told not to open. While these factors constitute some evidence of guilt, Seruya's testimony suggesting Claude had marijuana sent to Seruya's residence and later retrieved it from Seruya was highly significant as it was the only direct evidence of Claude's intent to deal in marijuana. Since we conclude Seruya's testimony concerning Claude's delivery of marijuana to his residence and his redelivery to Claude was not harmless, we reverse petitioners' convictions.

**REVERSED.**

---

**2.** The State argues the Court of Appeals erred by holding the trial judge improperly ruled the "bad act evidence" was admissible as a common scheme or plan under Rule 404(b), SCRE. In essence, the State asks the Court to affirm the judgment for any ground appearing in the Record on Appeal. Rule 220(c), SCACR. We decline to do so. *I'On, L.L.C., v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000) (it is within appellate court's discretion whether to address any additional sustaining grounds).

**3.** A full recitation of the evidence appears in the Court of Appeals' opinion. *State v. Humphries, supra.*

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J., concurring in result only.