644 S.E.2d 789

**STATE of South Carolina, Respondent,**

v.

**William White RUTLEDGE, Appellant.**

No. 4230.

Court of Appeals of South Carolina.

Heard March 6, 2007.

Decided April 9, 2007.

Rehearing Denied May 17, 2007.

314

Daniel D. D'Agostino, of York, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliot, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Thomas E. Pope, of York, for Respondent.

HEARN, C.J.:

William White Rutledge appeals his conviction for simple possession of marijuana, first offense, arguing the trial court erred in ruling that the search warrant was sufficient to establish probable cause, and in determining that the affidavit in support of the warrant was valid. We affirm.

## FACTS

This case began when narcotics officers from the Rock Hill Police Department assigned to the York County Multi–Jurisdictional Drug Enforcement Unit received an anonymous tip through Crime Stoppers regarding drug activity at 162 Bailey Avenue in Rock Hill. The anonymous informant stated that Rutledge and two other men were selling marijuana at that address. Based on the tip, the officers checked the electric company records and determined that the electricity at that address was registered in Rutledge's name. The officers also checked Rutledge's criminal history and discovered he had two

prior convictions for simple possession of marijuana in 1990 and 1991. The officers conducted surveillance for several days at the address, but did not see any activity at the residence. The officers then conducted a "trash pull" at the address. The trash can was located at the curb in front of 162 Bailey Avenue, but not on the property itself. The officers found marijuana seeds and stalks inside, about midway down the trash can.

Based on this information the officers went to the magistrate seeking a search warrant for the residence. The affidavit supporting the search warrant stated, in pertinent part:

> The affiant, who is a certified Law Enforcement officer assigned to the York County Multi–Jurisdictional Drug Enforcement Unit and has several years law enforcement experience, to include narcotics investigations, states the following facts to support probable cause to search the premises within the curtilage of the property listed within:

> The affiant has received information that William Rutledge and two other subjects only known as Steve and Richie are selling marijuana from 162 Bailey Ave., Rock Hill, South Carolina.

> Within the past 72 hours officers of the YCMDEU conducted a narcotics investigation focused on 162 Bailey Ave., Rock Hill, SC. As a result of this investigation, officers recovered marijuana, marijuana seeds and marijuana stalks from 162 Bailey Ave. A Criminal Records check of William Rutledge found that Rutledge has prior convictions for marijuana. Officers of the YCMDEU confirmed through Rock Hill Utilities that William Rutledge is drawing power at 162 Bailey Ave.

> Based on the affiant's training and experience in narcotics investigations, it is believed that drug dealers keep contraband, proceeds of drug sales and records of drug transactions that may include written records, photographs, video tapes, audio tapes, computer hard drives and disks within secure locations of their residences and out buildings within the curtilage of their property. See oral testimony.

In addition, the following oral testimony was provided with the affidavit:

On July 21, 2005 Officer Cantey of the York County Multi Jurisdictional Drug Enforcement Unit conducted a narcotics investigation focused on the illegal drug activities occurring at 162 Bailey Ave., Rock Hill, County of York, South Carolina. During the investigation the trash from the residence was located in front of the residence. The trash was located off the property and sat out for normal pick-up. This date is the regularly scheduled day for the garbage collection from the residence. During the investigation, marijuana was recovered from the trash of the residence.

Based on this information, the magistrate issued the search warrant.

When they executed the search warrant, officers found marijuana on the kitchen counter. Rutledge acknowledged to the officers that the marijuana was his, and told the officers that there was also a marijuana plant in the house that belonged to him. The officers found the plant inside what the officer described as "a hydroponics marijuana grower" in Rutledge's bedroom.

After a bench trial, Rutledge was convicted of simple possession of marijuana, first offense, and sentenced to thirty days incarceration or to pay a fine of $100 plus court costs and assessments, for a total of $432.50. This appeal followed.

## STANDARD OF REVIEW

An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding that probable cause existed. *State v. Philpot*, 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct.App.1995). A reviewing court should give great deference to a magistrate's determination of probable cause. *State v. Davis*, 354 S.C. 348, 355, 580 S.E.2d 778, 782 (Ct.App.2003).

## LAW / ANALYSIS

Rutledge argues the circuit court erred in determining that the affidavit was sufficient to demonstrate probable cause, and in failing to determine that the search warrant was misleading and therefore invalid. We disagree.

A search warrant may issue only upon a finding of probable cause. *State v. Bellamy*, 336 S.C. 140, 143, 519 S.E.2d 347, 348 (1999). Search warrants may be issued "only upon affidavit sworn before the magistrate ... establishing the grounds for the warrant." S.C.Code Ann. § 17–13–140 (1985). Oral testimony may be used to supplement search warrant affidavits. *State v. Jones*, 342 S.C. 121, 128, 536 S.E.2d 675, 678–79 (2000). The magistrate's task in determining whether to issue the search warrant is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Dunbar*, 361 S.C. 240, 246, 603 S.E.2d 615, 618 (Ct.App.2004).

## I.  Insufficiency Argument

Rutledge first argues that the affidavit was insufficient to demonstrate probable cause. Specifically, he argues that the affidavit fails to detail the "investigation" referred to, to mention that the trash can where the marijuana was found was in the public domain and not on the property of the residence, and because the confidential informant's reliability was not established. We disagree.

The affidavit stated that the officers had "received information that William Rutledge and two other subjects only known as Steve and Richie are selling marijuana from 162 Bailey Ave., Rock Hill, South Carolina." This tip provided the specific crime being committed, the names of the people involved in the crime, and the specific location where the activity was occurring. *See Bellamy*, 336 S.C. at 144, 519 S.E.2d at 349 (noting that specificity of information provided by a confidential informant indicates greater reliability). Because an anonymous informant is correct about some facts, that informant is more likely correct about other facts, including illegal activity. *Illinois v. Gates*, 462 U.S. 213, 244, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Rutledge cites *State v. Coin–Operated Video Game Machines*, 338 S.C. 176, 525 S.E.2d 872 (2000), to attack the reliability of the confidential informant's tip. This case holds that a warrant based solely on information provided by a

confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge. *Id.* However, the warrant in this case was not based solely on the tip from the confidential informant. The marijuana the officers found in the trash can in front of the residence, and Rutledge's prior convictions for marijuana serve as additional evidence of a crime, while along with the electric bill registered in Rutledge's name, also substantiating the credibility of the informant and the veracity of his statements. *See Bellamy,* 336 S.C. at 144–45, 519 S.E.2d at 349 (finding confirmation of the reliability of an informant's information, which detailed the caliber and/or make of three guns, when the information correlated with 3 of 20 guns that had been stolen from a police station).

Given all the circumstances in the affidavit and the supporting oral testimony, including the informant's information, the electric bill in Rutledge's name, Rutledge's prior convictions, and the marijuana found in the trash can in front of the residence, we conclude that the magistrate had substantial basis for concluding that probable cause existed to issue a search warrant of the residence. Accordingly, we find the affidavit was sufficient.

## II. Misleading Argument

█ Rutledge next argues that the affidavit was misleading, demonstrating a reckless disregard for the truth, because it overstates the evidence the officers had of any ongoing illegal activity. Specifically, he argues that the affidavit should have disclosed the lack of independent evidence of ongoing illegal activities at the residence, should have indicated that the marijuana, seeds, and stalks were discovered in a trash can off the property, and that Rutledge's prior convictions were in 1990 and 1991. He thus requests that the alleged distorted facts in the affidavit be disregarded pursuant to *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), in considering the affidavit's sufficiency to demonstrate probable cause. We disagree.

█ There is a presumption of validity with respect to the affidavit supporting the search warrant. *Id.* at 171, 98 S.Ct. 2674. Rutledge contends first that the affidavit incorrectly

informed the magistrate that illegal activities at the residence were ongoing. However, the anonymous tip and the marijuana found in the trash can within seventy-two hours of the affidavit's submission support such a contention.

Rutledge next contends the affidavit improperly implied that the officers recovered the marijuana, seeds, and stalks from the residence itself. But, the affidavit merely states, "[O]fficers recovered marijuana, marijuana seeds, and marijuana stalks from 162 Bailey Avenue." Nowhere does the affidavit say it was found in the house. Further, the affiant's oral testimony stated exactly how and where the officers found the trash can and the marijuana. These statements do not constitute a reckless disregard for the truth.

Finally, Rutledge argues that the officers improperly left out the dates and severity of Rutledge's marijuana convictions. However, the exculpatory value of that information is dubious. Rutledge contends that the omission of that information left the magistrate with the impression that Rutledge was involved with illegal narcotics. But the inclusion of the specific date and type of conviction could still allow that impression. Further, there is no *Franks* violation if the affidavit, including the omitted exculpatory information, still contains sufficient evidence to establish probable cause. *Id.* Had the affidavit noted the dates of Rutledge's prior marijuana convictions, the substantial basis for probable cause would not be diminished, because any doubt as to current illegal activities at the residence would be obviated by the recent informant's tip and discovery of marijuana outside the residence. Therefore, we find nothing in the affidavit demonstrates a reckless disregard for the truth.

## CONCLUSION

Based on the foregoing, Rutledge's conviction for simple possession of marijuana, first offense, is

**AFFIRMED.**

GOOLSBY and STILWELL, JJ., concur.