THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Steven Lecroy, Appellant.
 
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No.  2011-UP-434
Submitted October 1, 2011  Filed October
 11, 2011 

AFFIRMED

 
 
 
Appellate Defender LaNelle Cantey Durant, of
 Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Harold M. Coombs, Jr., all of Columbia;
 and Solicitor Daniel E. Johnson, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Steven
 Lecroy appeals his convictions for third-offense trafficking in
 methamphetamine, second-offense possession of a controlled substance, and
 second-offense possession of marijuana, arguing the circuit court erred in
 allowing the admission of (1) drug evidence found at his residence and (2) his
 statement claiming ownership of the drugs found at his residence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:
1.  As to whether the circuit court
 erred in admitting drug evidence found in Lecroy's home pursuant to a search
 warrant: State v. Tindall, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010)
 ("On appeals from a motion to suppress based on
 Fourth Amendment grounds, [an appellate court] applies a deferential standard
 of review and will reverse if there is clear error."); State v.
 Weston, 329 S.C. 287, 290, 494 S.E.2d 801, 802 (1997) ("A search
 warrant may issue only upon a finding of probable cause."); State v. Rutledge,
 373 S.C. 312, 317-18, 644 S.E.2d 789, 791-92 (Ct. App. 2007) (holding a
 magistrate had substantial basis for concluding probable cause existed to issue
 a search warrant of a residence based on the evidence, which consisted of an
 anonymous tip, confirmation the individual identified by the informant lived at
 the address, the defendant's prior convictions for marijuana, and marijuana
 found in the trash can in front of the defendant's residence).
2.  As to whether the
 circuit court erred in admitting Lecroy's statement claiming ownership of the
 drug evidence found at his residence: State
 v. Mitchell, 330 S.C. 189, 193 n.3,
 498 S.E.2d 642, 644 n.3 (1998) (finding "a ruling in limine is not
 final, and unless an objection is made at the time the evidence is offered and
 a final ruling procured, the issue is not preserved for review" (citation
 omitted)).   
AFFIRMED.
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.