**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

James Clyde Dill, Jr., Appellant.

Appellate Case No. 2013-000724

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-010
Heard December 7, 2015 – Filed January 13, 2016

**AFFIRMED**

Appellate Defender John Harrison Strom, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** James Dill appeals his conviction for manufacturing methamphetamine, arguing the trial court erred in: (1) concluding the magistrate

properly determined probable cause existed to issue a search warrant; (2) refusing to find the search warrant was invalid because the magistrate was misled by false information; (3) refusing to require the State to reveal the identity of a confidential informant (CI); and (4) refusing to grant a directed verdict for Dill.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in concluding the magistrate properly found probable cause to issue the search warrant:  *State v. Rutledge*, 373 S.C. 312, 316, 644 S.E.2d 789, 791 (Ct. App. 2007) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding that probable cause existed."); *id.* ("A reviewing court should give great deference to a magistrate's determination of probable cause."); *State v. Keith*, 356 S.C. 219, 223–24, 588 S.E.2d 145, 147 (Ct. App. 2003) (stating the determination of whether probable cause existed "requires the magistrate to make a practical, common-sense decision of whether, given the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying information, there is a fair probability that contraband or evidence of a crime will be found in a particular place"); *State v. 192 Coin-Operated Video Game Machines*, 338 S.C. 176, 192, 525 S.E.2d 872, 881 (2000) ("[A] warrant based solely on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge.  However, independent verification by law enforcement officers cures any defect.").

2.      As to whether the trial court erred in refusing to find the magistrate was misled by false information:  *State v. Robinson*, 408 S.C. 268, 274, 758 S.E.2d 725, 728 (Ct. App. 2014), *cert. granted*, (Dec. 3, 2014) (explaining a court may not suppress evidence "simply because the officer made a false statement in, or omitted key facts from, an affidavit supporting a search warrant"); *id.* (stating the proponent of suppression must demonstrate the false statements or omissions rendered the affidavit unable to support a finding of probable cause).

3.      As to whether the trial court erred in refusing to require the State to reveal the identity of the CI:  *State v. Humphries*, 354 S.C. 87, 90, 579 S.E.2d 613, 614–15 (2003) ("Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused."); *id.* at 90, 579 S.E.2d at 615 ("For instance, if the informant is an active participant in the criminal transaction and/or a material

witness on the issue of guilt or innocence, disclosure of his identity may be required depending upon the facts and circumstances."); *id.* ("On the other hand, an informant's identity need not be disclosed where he possesses only a peripheral knowledge of the crime or is a mere 'tipster' who supplies a lead to law enforcement.").

4.    As to whether the trial court erred in refusing to grant a directed verdict: *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477–78 (2004) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); S.C. Code Ann. § 44-53-110(25) (Supp. 2015) (defining manufacturing); S.C. Code Ann. § 44-53-375(D) (Supp. 2015) ("Possession of equipment or paraphernalia used in the manufacture of cocaine, cocaine base, or methamphetamine is prima facie evidence of intent to manufacture."); *State v. Hudson*, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**