**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Molina Armstrong, Appellant.

Appellate Case No. 2013-000932

Appeal From Laurens County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-008
Heard December 7, 2015 – Filed January 13, 2016

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

**PER CURIAM:** Appellant Molina Armstrong appeals her conviction for manufacturing methamphetamine. Counsel for Appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious

grounds for appeal and requesting permission to withdraw from further representation. The Court denied the request to withdraw and directed the parties to file additional briefs.

In the additional brief, Appellant argues the trial court erred in: (1) concluding the magistrate properly determined probable cause existed to issue a search warrant; and (2) refusing to require the State to reveal the identity of a confidential informant (CI). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in concluding the magistrate properly found probable cause to issue the search warrant: *State v. Rutledge*, 373 S.C. 312, 316, 644 S.E.2d 789, 791 (Ct. App. 2007) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding that probable cause existed."); *id.* ("A reviewing court should give great deference to a magistrate's determination of probable cause."); *State v. Keith*, 356 S.C. 219, 223–24, 588 S.E.2d 145, 147 (Ct. App. 2003) (stating the determination of whether probable cause existed "requires the magistrate to make a practical, common-sense decision of whether, given the totality of the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying information, there is a fair probability that contraband or evidence of a crime will be found in a particular place"); *State v. 192 Coin-Operated Video Game Machines*, 338 S.C. 176, 192, 525 S.E.2d 872, 881 (2000) ("[A] warrant based solely on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge. However, independent verification by law enforcement officers cures any defect.").

2.      As to whether the trial court erred in refusing to require the State to reveal the identity of the CI: *State v. Humphries*, 354 S.C. 87, 90, 579 S.E.2d 613, 614– 15 (2003) ("Although the State is generally privileged from revealing the name of a confidential informant, disclosure may be required when the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused."); *id.* at 90, 579 S.E.2d at 615 ("For instance, if the informant is an active participant in the criminal transaction and/or a material witness on the issue of guilt or innocence, disclosure of his identity may be required depending upon the facts and circumstances."); *id.* ("On the other hand, an informant's identity need not be disclosed where he possesses only a peripheral

knowledge of the crime or is a mere 'tipster' who supplies a lead to law enforcement.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**