**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Omar Shariff Gentile, Appellant.

Appellate Case No. 2016-000161

———

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———

Unpublished Opinion No. 2018-UP-386
Submitted September 6, 2018 – Filed October 17, 2018

———

**AFFIRMED**

———

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Bultron*, 318 S.C. 323, 330, 457 S.E.2d 616, 620 (Ct. App.

1995) ("Generally, the State may not be compelled to disclose the names of its confidential informants."); *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957) ("What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."); *Bultron*, 318 S.C. at 330, 457 S.E.2d at 620 ("[The] privilege of nondisclosure must give way to the rights of the accused where the informant's identity is relevant and helpful to the defense or is essential for a fair determination of the State's case against the accused."); *id.* ("In short, the trial court must balance the public's interest in perpetuating the flow of vital information to law enforcement officials against the right of an individual to prepare his defense."); *Roviaro*, 353 U.S. at 62 ("Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."); *Bultron*, 318 S.C. at 330, 457 S.E.2d at 620 ("In determining whether disclosure of an informant's identity is essential to the defense, the trial court must consider whether the informant is a mere 'tipster' who has only peripheral knowledge of the crime or an active participant in the criminal act and/or a material witness on the issue of guilt or innocence."); *State v. Batson*, 261 S.C. 128, 134, 198 S.E.2d 517, 520 (1973) ("The disclosure of the identity of one who is merely an informer and not a participant nor a material witness is not generally required."); *id.* ("[T]he burden is upon the accused to show facts and circumstances giving rise to an exception to the privilege against disclosure."); *id.* at 134-35, 198 S.E.2d at 520 ("[T]he trial court has considerable discretion as to ordering, or refusing to require, disclosure and that in the event of refusal, the burden is upon the accused to show prejudice resulting therefrom."); *see also State v. Burney*, 294 S.C. 61, 62-63, 362 S.E.2d 635, 636 (1987) (noting the informant did not participate in the pertinent drug bust or in any other transaction involving the possessory offenses for which the appellant was tried and convicted, and holding disclosure of the confidential informant's identity was not required, as the informant "was a 'tipster' whose *identity was not important to the issue of guilt or innocence*" (emphasis added)).

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.