**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antonio Ricardo Lee, Appellant.

Appellate Case No. 2019-001405

———————

Appeal From Beaufort County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-070
Submitted January 1, 2022 – Filed February 16, 2022

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Antonio Ricardo Lee appeals his convictions for trafficking cocaine, 200–400g; possession with intent to distribute heroin, second offense; possession with intent to distribute a controlled substance within proximity to a

park; and possession of marijuana and his aggregate sentence of twenty-five years. On appeal, Lee argues the trial court erred in refusing to compel the State to disclose the identity of a confidential informant whose recorded phone call with a third party spurred law enforcement's investigation of Lee.

The trial court did not abuse its discretion in denying Lee's motion for disclosure of the informant's identity because the informant was merely a "tipster," rather than an active participant in the crimes for which Lee was convicted.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Edwards*, 384 S.C. 504, 508, 682 S.E.2d 820, 822 (2009) ("In criminal cases, [appellate courts] will review errors of law only . . . . [and are] bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Batson*, 261 S.C. 128, 134-35, 198 S.E.2d 517, 520 (1973) ("[T]he burden is upon the accused to show facts and circumstances giving rise to an exception to the privilege against disclosure . . . . [T]he trial court has considerable discretion as to ordering, or refusing to require, disclosure and . . . in the event of refusal, the burden is upon the accused to show prejudice resulting therefrom."); *State v. Bultron*, 318 S.C. 323, 330, 457 S.E.2d 616, 620 (Ct. App. 1995) ("In determining whether disclosure of an informant's identity is essential to the defense, the trial court must consider whether the informant is a mere 'tipster' who has only peripheral knowledge of the crime or an active participant in the criminal act and/or a material witness on the issue of guilt or innocence."); *id.* at 331, 457 S.E.2d at 620-21 (finding disclosure of the informant's identity was not required when the informant's role "was limited to calling the police and stating he had observed a quantity of cocaine in a hotel room," and there was "no evidence in the record indicating the informant participated in or assisted with the actual delivery of the drugs or the subsequent arrests"); *State v. Wright*, 322 S.C. 484, 488-89, 472 S.E.2d 642, 645 (Ct. App. 1996) (finding disclosure of the informant's identity was not required when "[t]here [was] no indication he came within close proximity of the appellant, but only that of another participant in the transaction[,]" nor was "there any indication he supplied any sort of description of appellant to authorities, []or identified appellant as having participated in the criminal act").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.