758 S.E.2d 725

The STATE, Respondent,

v.

Alex ROBINSON, Appellant.

Appellate Case No. 2011–203769.

No. 5224.

Court of Appeals of South Carolina.

Heard Jan. 8, 2014.

Decided April 23, 2014.

Rehearing Denied June 18, 2014.

270

Dayne C. Phillips, of Lexington, and Appellate Defender Carmen Vaughn Ganjehsani, of Columbia, for appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for respondent.

FEW, C.J.

Alex Robinson appeals his conviction for trafficking cocaine, arguing the trial court erred in refusing to suppress evidence seized pursuant to a search warrant. We find the search warrant invalid because the affidavit supporting it gave the issuing judge no information as to the confidential informant's reliability. We reverse.

## I. Facts and Procedural History

In August 2008, a confidential informant told Sergeant Kent Donald of the Horry County Police Department's narcotics and vice section she could purchase drugs from Robinson's residence. Sergeant Donald and a federal law enforcement agent met with the informant on August 15 to set up the first

buy. The informant told the officers that to make the purchase, "she would go meet the other person that was going to supply them with the cocaine." The "other person" was Christopher Oliver. Sergeant Donald testified he "debriefed" the informant after the buy. Describing what the informant told him, Sergeant Donald testified, "When [the informant] got there, ... Mr. Oliver told her to drop him off away from the residence because the occupants of the house did not want any undue suspicion on their house. So, [the informant] was told to park down the road[,] and [Oliver] would walk to the residence."

Sergeant Donald also testified that on August 22 and September 12, he "met with the confidential informant to search—wired,[1] I gave her $600 of police buy money. She went and picked Mr. Oliver up[,] and they went again to [Robinson's residence]." While Oliver was inside Robinson's residence, the informant "sat in the car the whole time" and listened to music.

On September 17, Sergeant Donald prepared an affidavit in which he swore the informant—not Oliver—purchased cocaine from Robinson's residence. Sergeant Donald stated,

A confidential and reliable informant working for the Horry County Police Department purchased a quantity of off white powder substance represented as being cocaine and field-testing positive for cocaine attributes from the occupants of the house identified as 1251 Stoneybrook Dr. in Conway, SC. That the informant has been able to make recent continuous purchases of illegal drugs from this residence leads to the affiant's belief that there is the possibility there may be more illegal drugs located at this residence.

Sergeant Donald presented the affidavit to a circuit court judge because "this case had the possibility of going federal," and on September 17 the judge signed a warrant authorizing the search of Robinson's residence. When officers executed the warrant on September 25, they discovered a large plastic bag containing 109.35 grams of cocaine, seven small bags of cocaine, marijuana, ecstasy pills, a scale, video surveillance

---

1. Sergeant Donald later described the "wire" as an audio listening device, which recorded the informant—but not the drug sale—while she sat in her car listening to music and waiting on Oliver to buy the drugs.

equipment, and various items connecting Robinson to the residence, such as his mail and photographs of him.

Robinson was indicted for trafficking cocaine, and the State called the case for trial before the same circuit judge who signed the search warrant. The trial court denied his motion to suppress the evidence seized pursuant to the warrant. The jury found him guilty, and the court sentenced him to twenty-five years in prison.

## II. The Validity of the Warrant

We address two of Robinson's arguments that the trial court erred by not granting his motion to suppress. First, he argues Sergeant Donald misled the judge who issued the search warrant by knowingly omitting the facts and circumstances of Oliver's involvement in the drug transactions. Second, he argues the warrant is invalid because Sergeant Donald did not present the issuing judge with any information regarding the confidential informant's reliability.

We agree Sergeant Donald omitted key information necessary for the issuing judge to determine whether probable cause existed. We disagree, however, that the omission of the information requires suppression. Regarding Sergeant Donald's failure to provide the issuing judge information about the informant's reliability, we find this failure left no substantial basis on which the judge could determine the existence of probable cause, and thus we order suppression.

### A. The Omission of Key Information from the Affidavit

The trial court agreed with the State that the affidavit was accurate despite the omission of Oliver's involvement. The court stated, "This affidavit has—there's no false statement in this affidavit." We hold the trial court's finding is clearly erroneous. *See State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous.").

Sergeant Donald's affidavit states the "informant ... purchased ... cocaine ... from the occupants of the house," and "the informant has been able to make ... purchases of ... drugs from this residence." During the suppression

hearing, however, he testified, "I was working a confidential informant who stated that she knew someone that could purchase some drugs." Describing the individual buys, he testified the informant "would go meet the other person that was going to supply them with the cocaine." Sergeant Donald's affidavit implies, if not expressly states, the informant personally entered the house and purchased cocaine. In actuality, however, assuming what the informant told Sergeant Donald was true, Oliver was the one who purchased cocaine from the occupants of the house while the informant was "park[ed] down the road" listening to music. Sergeant Donald's testimony at the suppression hearing conclusively demonstrates his statements in the affidavit are false.

■ The State argues Sergeant Donald's statements are true because Oliver was the informant's agent, and through Oliver the informant purchased the drugs. Even if the State is correct that the informant was a purchaser under the law of agency, that is a determination the issuing judge must make—not the officer. *See United States v. Watson*, 703 F.3d 684, 695 n. 13 (4th Cir.2013) ("[T]he point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." (citations omitted)); *State v. Gentile*, 373 S.C. 506, 513, 646 S.E.2d 171, 174 (Ct.App.2007) ("The affidavit must contain sufficient underlying facts and information upon which *the magistrate may make a determination* of probable cause." (emphasis added and citation omitted)). Thus, the officer should have disclosed that the informant purchased cocaine through a purported agent, and should have described the circumstances he believed gave rise to the agency relationship. Because the affidavit represented that the informant was the purchaser, but did not disclose the facts related to agency, the affidavit is false even under the State's agency theory.

Therefore, the trial court's finding that the affidavit contained no false statement is clearly erroneous. Although there is plenty of evidence relating to the trial court's finding, all of this evidence negates—none supports—the trial court's

conclusion. *See Brown,* 401 S.C. at 87, 736 S.E.2d at 265 (stating "[in] a Fourth Amendment search and seizure case, an appellate court must affirm the trial court's ruling if there is any evidence to support it").

Under *Franks v. Delaware,* however, the court may not order suppression simply because the officer made a false statement in, or omitted key facts from, an affidavit supporting a search warrant. 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667, 672 (1978) (establishing the two-prong test for challenging the veracity of a search warrant affidavit). The defendant must also demonstrate "those false statements or omissions were material, *i.e.,* rendered the affidavit unable to 'support a probable cause finding.'" *United States v. McKenzie–Gude,* 671 F.3d 452, 462 (4th Cir.2011) (quoting *United States v. Allen,* 631 F.3d 164, 171 (4th Cir.2011)). We find Sergeant Donald's false statement in the affidavit does not require suppression because the existence of probable cause depended on the accuracy of what the informant told Sergeant Donald. In other words, including in the affidavit the correct information about Oliver's involvement would not have changed the fact that probable cause existed, *if* the informant was telling the truth.

## B. The Reliability of the Confidential Informant

We find, however, that Sergeant Donald's failure to include in his affidavit any evidence of the informant's reliability renders the warrant invalid. In making a probable cause determination,

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, *including the "veracity" and "basis of knowledge" of persons supplying hearsay information,* there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*State v. Herring,* 387 S.C. 201, 212, 692 S.E.2d 490, 496 (2009) (emphasis added) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983)).

The only information in the affidavit about the events and circumstances at Robinson's residence, and thus the only information provided to the issuing judge regarding the exis-

tence of probable cause, came from the informant. As the issuing judge observed during the suppression hearing, "There were drugs there if the allegations [in the affidavit] are true." Thus, the existence of probable cause in this case depended entirely on the informant's hearsay statements to Sergeant Donald—whether the informant told the truth— particularly as to (1) whether there were any drugs purchased at all and (2) whether the drugs were purchased from Robinson's residence. Concerning these key points, if the informant gave Sergeant Donald incorrect information, there would be no probable cause to search Robinson's residence. Therefore, we find it was necessary that Sergeant Donald demonstrate the informant's reliability to the issuing judge. *See State v. Martin*, 347 S.C. 522, 527, 556 S.E.2d 706, 709 (Ct.App.2001) (" 'A warrant based solely on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge.' " (quoting *State v. 192 Coin–Operated Video Game Machs.*, 338 S.C. 176, 192, 525 S.E.2d 872, 881 (2000))); *State v. Adolphe*, 314 S.C. 89, 92, 441 S.E.2d 832, 833 (Ct.App.1994) ("The task of a magistrate when determining whether to issue a warrant.... includes consideration of the veracity of the person supplying the information and the basis of his or her knowledge." (internal citations omitted)).

### III. Suppression

The State argues against suppressing the evidence because it contends the warrant was obtained in good faith and was not so lacking in indicia of probable cause that the law enforcement officers' belief in its validity was unreasonable, and thus should be upheld under *United States v. Leon*, 468 U.S. 897, 919–20, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677, 696–97 (1984). In *Leon*, the Supreme Court established a good faith exception to the exclusionary rule, holding "that when an officer acting in objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope, a reviewing court should not order a suppression of the evidence based on a lack of probable cause." *State v. Weston*, 329 S.C. 287, 292, 494 S.E.2d 801, 803–04 (1997) (summarizing *Leon* ). The *Leon* Court listed three situations in which the good faith exception cannot apply, one of which is reviewing courts will not defer to a warrant based on an

affidavit "that does not provide the magistrate with a substantial basis for determining the existence of probable cause." 468 U.S. at 914–15, 104 S.Ct. at 3416, 82 L.Ed.2d at 693.

In *State v. Johnson*, 302 S.C. 243, 248, 395 S.E.2d 167, 170 (1990), our supreme court ruled *"Leon* specifically precludes the application of the good faith exception" in a situation indistinguishable from ours. In *Johnson*, "the informant told South Carolina Law Enforcement agents that he had seen a large quantity of cocaine, cash and a gun in Johnson's home" "within the past seventy-two (72) hours." 302 S.C. at 245, 395 S.E.2d at 168. This information, if accurate, would have provided a substantial basis on which the issuing judge could find the existence of probable cause. However, the affidavit "d[id] not set forth any information as to the reliability of the informant." 302 S.C. at 247, 395 S.E.2d at 169. The supreme court stated:

> Without any information concerning the reliability of the informant, the inferences from the facts which lead to the complaint will be drawn not by a neutral and detached magistrate, as the Constitution requires, but instead, by a police officer engaged in the often competitive enterprise of ferreting out crime, or, as in this case, by an unidentified informant.

302 S.C. at 248, 395 S.E.2d at 169 (internal quotation marks omitted).

After concluding "the affidavit ... did not provide the magistrate with sufficient information concerning the informant's reliability upon which he could base a probable cause determination," the court considered whether the good faith exception applied. 302 S.C. at 248–49, 395 S.E.2d at 169–70. Quoting *Leon,* 468 U.S. at 915, 104 S.Ct. at 3416, 82 L.Ed.2d at 693, our court found the good faith exception inapplicable:

> [R]eviewing courts will not defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause. Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.

302 S.C. at 248–49, 395 S.E.2d at 170 (internal quotation marks omitted).

As in *Johnson*,[2] Sergeant Donald's affidavit gave the issuing judge no information to assess the reliability of the information on which probable cause could exist. Without such information, the issuing judge was forced to guess whether the events described in the affidavit actually occurred. Under these circumstances, we cannot defer to the warrant because the affidavit "does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Johnson*, 302 S.C. at 248, 395 S.E.2d at 170 (quoting *Leon*, 468 U.S. at 914–15, 104 S.Ct. at 3416, 82 L.Ed.2d at 693). We find that given the lack of any basis on which the issuing judge could find the information in the affidavit reliable, the "affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Weston*, 329 S.C. at 293, 494 S.E.2d at 804 (quoting *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 699); *see also id.* (cautioning "*Johnson* should not be read as prohibiting application of the good-faith exception every time an affidavit fails to satisfy the technical requirements of *Gates* ").

Consequently, *Leon*, *Weston*, and *Johnson* require us to find the good faith exception inapplicable to Robinson's case. We hold the evidence must be suppressed. *See State v. Robinson*, 335 S.C. 620, 632 n. 3, 518 S.E.2d 269, 276 n. 3 (Ct.App.1999) (stating "the good faith exception is inapplicable in cases where the affidavit fails to provide the magistrate with a substantial basis for probable cause"); *Adolphe*, 314 S.C. at 93, 441 S.E.2d at 834 (finding the good faith exception was inapplicable because "the affidavit did not contain any information regarding the reliability of the informant").

## IV. Remaining Issues

Robinson raises additional issues on appeal, including the argument that the judge should have recused himself because

---

2. In *Johnson*, the court was unable to determine if the officer supplemented the affidavit with testimony before the issuing judge. *See* 302 S.C. at 249, 395 S.E.2d at 170 (stating "it is not clear from this record whether oral testimony concerning the reliability of the informant was given to the magistrate"). The court remanded for a determination of whether any such supplementation provided the judge with information as to the reliability of the informant. *Id.* Such a remand is unnecessary in this case, however, because Sergeant Donald testified at the suppression hearing he did not supplement his affidavit.

a judge should not hear a motion to suppress evidence seized pursuant to a warrant that judge signed. *Compare Floyd v. State*, 303 S.C. 298, 299, 400 S.E.2d 145, 146 (1991) (adopting "a *per se* rule of recusal" when the same judge who presided over a criminal trial is asked to preside over a post-conviction relief proceeding for the same defendant), *with State v. Watkins*, 406 S.C. 360, 363–64, 752 S.E.2d 261, 262 (2013) (holding a judge is not automatically disqualified from presiding over a retrial after granting post-conviction relief). Because we find the search warrant was invalid and the evidence must be suppressed, we need not resolve these issues. *See State v. Hepburn*, 406 S.C. 416, 429 n. 14, 753 S.E.2d 402, 408 n. 14 (2013) (declining to address remaining issues because the court's determination of a prior issue was dispositive).

## V. Conclusion

We find the search warrant was invalid because Sergeant Donald gave the issuing judge no information regarding the informant's reliability. Without such information, the affidavit did not provide the issuing judge a substantial basis for a finding of probable cause, the good faith exception does not apply, and the evidence must be suppressed.

**REVERSED.**

PIEPER and KONDUROS, JJ., concur.