**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Don-Survi Chisolm, Appellant.

Appellate Case No. 2011-200186

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2015-UP-501
Heard September 15, 2015 – Filed October 28, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia, and David Michael Pascoe, Jr., of Orangeburg, for Respondent.

**PER CURIAM:**  Don-Survi Chisolm appeals his murder conviction, arguing the trial court erred in (1) admitting evidence of prior drug dealing; (2) admitting a weapon; (3) failing to suppress evidence from a search warrant; (4) refusing to permit cross-examination about an allegedly unrelated weapon; and (5) allowing him to represent himself.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to whether the trial court erred in admitting evidence of prior drug dealing:  *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *State v. Dennis*, 402 S.C. 627, 635-36, 742 S.E.2d 21, 26 (Ct. App. 2013) (explaining that "[o]ne of the accepted bases for the admissibility of evidence of other crimes arises when such evidence furnishes part of the context of the crime or is necessary to a full presentation of the case" (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980))); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) (stating a trial court's decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances).

2.     As to whether the trial court erred in admitting a weapon into evidence: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal.").

3.     As to whether the trial court erred in refusing to suppress evidence obtained based on a search warrant:  *State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) (stating when reviewing a trial court's ruling on a motion to suppress based on the Fourth Amendment, an appellate court will affirm if there is any evidence to support the ruling and reverse only when there is clear error); *State v. Jones*, 342 S.C. 121, 126-27, 536 S.E.2d 675, 678 (2000) (holding a defendant is entitled to challenge misstatements in a warrant affidavit if the following criteria are met: "(1) the defendant's attack is more than conclusory and is supported by more than a mere desire to cross-examine; (2) the defendant makes allegations of deliberate falsehood or of reckless disregard for the truth which are accompanied by an offer of proof; and (3) the affiant has made the allegedly false or reckless statement"); *State v. Robinson*, 408 S.C. 268, 274, 758 S.E.2d 725, 728 (Ct. App. 2014), *cert. granted* (Dec. 3, 2014) (explaining a court may not suppress evidence "simply because the officer made a false statement in, or omitted key facts from, an

affidavit supporting a search warrant"); *id.* (stating the proponent of suppression must demonstrate the false statements or omissions rendered the affidavit unable to support a finding of probable cause).

4.      As to whether the trial court erred in refusing to permit cross-examination about an allegedly unrelated weapon:  Rule 608(c), SCRE ("Bias, prejudice or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by evidence otherwise adduced."); *State v. Pradubsri*, 403 S.C. 270, 276-77, 743 S.E.2d 98, 102 (Ct. App. 2013) (noting a criminal defendant may show a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination); *State v. Boiter*, 302 S.C. 381, 383, 396 S.E.2d 364, 365 (1990) ("Although the Confrontation Clause 'tips the scales' in favor of permitting cross-examination if it could reasonably be expected to have an effect on the jury, a court may prohibit cross-examination for impeachment purposes when the probative value of the evidence that the defendant seeks to elicit is substantially outweighed by the risk of prejudice."); *State v. Mizzell*, 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002) ("The trial judge retains discretion to impose reasonable limits on the scope of cross-examination."); *State v. Lyles*, 379 S.C. 328, 336-37, 665 S.E.2d 201, 205-06 (Ct. App. 2008) (explaining only relevant evidence is admissible).

5.      As to whether the trial court erred in allowing Chisolm to represent himself: *State v. McLauren*, 349 S.C. 488, 493, 563 S.E.2d 346, 348 (Ct. App. 2002) (explaining a defendant may waive his right to counsel and proceed pro se); *id.* at 493, 563 S.E.2d at 348-49 (requiring the waiver of counsel to be knowingly and intelligently made); *State v. Bryant*, 383 S.C. 410, 414, 680 S.E.2d 11, 13 (Ct. App. 2009) ("It is the trial court's responsibility to determine whether there was a knowing and intelligent waiver by the accused."); *State v. Cash*, 309 S.C. 40, 42-43, 419 S.E.2d 811, 813 (Ct. App. 1992) (listing the factors used in determining if a defendant had sufficient background to understand the disadvantages of self-representation); *McLauren*, 349 S.C. at 494, 563 S.E.2d at 349 ("In the absence of a specific inquiry by the [circuit court] addressing the disadvantages of a pro se defense . . . , the appellate court will look to the record to determine whether [a defendant] had sufficient background or was apprised of his rights by some other source.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**