# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Alex Robinson, Respondent.

Appellate Case No. 2014-001545

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Horry County
Edward B. Cottingham, Circuit Court Judge

---

Opinion No. 27617
Heard October 21, 2015 – Filed March 30, 2016

---

## AFFIRMED AS MODIFIED

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, for Petitioner.

Dayne C. Phillips, of Lexington, and Appellate Defender
Laura Ruth Baer, of Columbia, for Respondent.

---

**CHIEF JUSTICE PLEICONES:** Respondent Robinson was convicted of one count of trafficking in cocaine in an amount between 100 and 200 grams. He was sentenced to twenty-five years imprisonment and ordered to pay a $50,000 fine. The Court of Appeals reversed Robinson's conviction holding that the search-warrant affidavit did not include any information to establish the reliability of the informant. *State v. Robinson*, 408 S.C. 268, 758 S.E.2d 725 (Ct. App. 2014). We granted the State's petition for a writ of certiorari and now affirm the Court of Appeals' decision as modified.

## FACTS

An officer of the Horry County Police Department (Officer) sought a search warrant for a residence alleged to be Robinson's home (the Home). The search-warrant affidavit stated, in relevant part, that a confidential informant had purchased illegal drugs from the occupants of the Home on multiple occasions. Based solely on this affidavit, the Circuit Court[1] issued a search warrant for the Home. When the warrant was executed, officers found multiple people living in the Home. In one bedroom they found mail addressed to Robinson, and a bag containing 111 grams of cocaine located on top of a pile of men's clothing. In total, 375.88 grams of cocaine were found in the Home. Robinson was not present when the warrant was executed although a car registered to him was parked outside the Home.

At trial, Robinson challenged the veracity of the representations in the search-warrant affidavit under *Franks v. Delaware*, 438 U.S. 154 (1978), and sought to suppress the evidence obtained from the search. Robinson claimed that contrary to the assertions in the search-warrant affidavit, the purported confidential informant never personally made any drug purchases from the Home. The Trial Court conducted a *Franks* hearing where Officer testified that the confidential informant referenced in the affidavit never personally purchased drugs but that Oliver, a third party, made the purchases. The Trial Court found there were no false statements in the affidavit and denied Robinson's motion to suppress.

On appeal, the Court of Appeals held the Trial Court erred in denying Robinson's motion to suppress because the search-warrant affidavit did not include any information to establish the reliability of the informant. It therefore reversed and

---

[1] Officer testified that because there was a chance that this case would become a federal prosecution, he sought a search warrant from a circuit court judge instead of a magistrate.

remanded for a new trial. *See Robinson*, 408 S.C. at 278, 758 S.E.2d at 730. We granted the State's petition for a writ of certiorari to review the decision of the Court of Appeals.

## ISSUES

I. Whether the Court of Appeals erred in finding the search warrant invalid because the search-warrant affidavit contained no information establishing informant reliability?

II. Whether the Court of Appeals erred in concluding there was intentionally false information in the search-warrant affidavit?

III. Whether the Court of Appeals erred in holding that the search-warrant affidavit could support probable cause even with the false information omitted?

IV. Whether the Court of Appeals erred in concluding that *Leon's*[2] good-faith exception to suppression did not apply?

## ANALYSIS

### A. Informant reliability information in the search-warrant affidavit

The State argues the Court of Appeals erred in finding there was no evidence to support the Trial Court's finding that the search-warrant affidavit contained information establishing informant reliability. Specifically, the State argues the information contained in the affidavit about the confidential informant's work with law enforcement and successful purchases of illegal drugs from the Home, was sufficient to support the Trial Court's determination. We agree.

The veracity and the basis of knowledge of persons supplying the information in a search-warrant affidavit are considerations in the determination of whether there is probable cause to issue a search warrant. *State v. Johnson*, 302 S.C. 243, 395 S.E.2d 167 (1990) (internal citation omitted). An appellate court gives great deference to the issuing judge's probable cause determination. *State v. Dupree*, 354 S.C. 676, 583 S.E.2d 437 (Ct. App. 2003). An affidavit based solely on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge. *See State v. Martin*, 347 S.C. 522, 527, 556 S.E.2d 706, 709 (2001) (citing *State v. 192*

---

[2] 468 U.S. 807 (1978).

*Coin-Operated Video Game Machines*, 338 S.C. 176, 192, 525 S.E.2d 872, 881 (2000)).

The pertinent parts of this search-warrant affidavit include:

> REASON FOR AFFIANT'S BELIEF THAT THE PROPERTY SOUGHT IS ON THE SUBJECT PREMISES . . .
> A confidential and reliable informant working for the Horry County Police Department purchased a quantity of off white powder substance represented as being cocaine and field-testing positive for cocaine attributes from the occupants of the house identified as [the Home]. That the informant has been able to make recent continuous purchases of illegal drugs from this residence leads to the affiant's belief that there is the possibility there may be more illegal drugs located at this residence.

The contents of the affidavit were sufficient to provide the Circuit Court a substantial basis to believe that the: (1) Horry County Police Department; (2) had a confidential informant; (3) who bought a substance that tested positive for cocaine; (4) from the Home; and (5) the informant had made other recent purchases of illegal drugs from the Home. However, as explained below excepting that the confidential informant worked for the Horry County Police Department, none of these assertions were true. Looking at the four corners of the affidavit, there is information from which the Circuit Court could conclude the confidential informant was reliable. *See Dupree*, 354 S.C. at 685, 583 S.E.2d at 442. We agree with the State that the Court of Appeals erred in finding the affidavit, on its face, lacked sufficient information to establish the reliability of the confidential informant. Nevertheless, we affirm the result of the Court of Appeals as explained below.

### B. Intentionally false statements in the search-warrant affidavit

Under the Fourth and Fourteenth Amendments to the United States Constitution, a defendant has the right to challenge false statements in a search-warrant affidavit. *See State v. Jones*, 342 S.C. 121, 126, 536 S.E.2d 675, 678 (2000) (citing *Franks v. Delaware*, 438 U.S 154 (1978)). In order to obtain relief, the defendant must prove the affiant knowingly and intentionally, or with reckless disregard for the truth, included false statements in the search-warrant affidavit. The burden is on the

defendant to establish the falsity by a preponderance of the evidence. *See Franks*, 438 U.S. at 156.

At the *Franks* hearing, Officer testified that the Home became the target of his investigation when a confidential informant said she knew someone who could purchase drugs from within the Home. According to Officer's testimony, three purchases were made prior to the execution of the search-warrant affidavit. All three purchases happened in substantially the same way. The confidential informant picked up a third party, Oliver, and drove to a location close to the Home. Oliver was then dropped off a short distance away from the Home in order to avoid suspicion. The confidential informant stayed in the car and watched as Oliver walked into the Home. Oliver then returned to the car with drugs. The drugs were later tested and confirmed to be cocaine. The confidential informant was debriefed after the buys during which she informed Officer of what Oliver told her. When seeking the search warrant, Officer relied solely on his affidavit; he did not orally supplement the affidavit before the Circuit Court.

When Officer wrote the affidavit, he was aware that the confidential informant had not personally made the alleged drug purchases. After each of the three alleged transactions, Officer was informed that Oliver was the actual purchaser. Officer acknowledged, at the *Frank's* hearing, he knew of Oliver's role, but offered no explanation why he did not include this information in the affidavit.

The State argues the Court of Appeals erred in holding clearly erroneous the Trial Court's finding that no false statements were contained in the search-warrant affidavit. Because the confidential informant drove Oliver close to the Home, gave Oliver "buy money," watched him enter the Home, and watched him exit the Home, the State argues that the confidential informant actually "purchased and obtained the drugs from [the Home]" herself. We disagree.

Applying a common-sense reading to the search-warrant affidavit, it states that this confidential informant personally made drug purchases out of the Home. There is nothing that reasonably suggests an alternative interpretation. *See State v. Thomas*, 275 S.C. 274, 276, 269 S.E.2d 768, 769 (1980) (stating that affidavits are to be given a "common-sense reading") *overruled in part on other grounds*, *State v. Mcknight*, 287 S.C. 167, 337 S.E.2d 208 (1985). Not only did this confidential informant not make the purchases, she did not witness Oliver's alleged purchases. At best, the informant could reliably state that: (1) Oliver left the car with the stated intention to buy drugs; (2) Oliver walked into the Home; and (3) Oliver

returned to the car with drugs he claimed he had purchased from the occupants of the Home. The confidential informant could not provide any first-hand information about drug purchases from the Home.

We therefore agree with the Court of Appeals that the Trial Court erred in holding there were no false statements in the search-warrant affidavit. Officer's testimony makes clear that he knowingly and intentionally made false statements in the search-warrant affidavit. As a result, Robinson has met his initial burden under *Franks*. We hold that the false statements in the search-warrant affidavit were made knowingly and intentionally in violation of *Franks*. We next decide whether the search-warrant affidavit supported probable cause absent the false statements.

## C. Probable cause absent false statements

The Court of Appeals reversed and remanded because it found that the search-warrant affidavit did not include any information establishing informant reliability. It also held that despite the *Franks* violation, the affidavit could support probable cause even if the false information were omitted. The State argues that the Court of Appeals correctly held that suppression was not required on this basis because even with Oliver's involvement included in the affidavit, probable cause would have still existed. We disagree.

Once it is established that the affiant has knowingly and intentionally or with reckless disregard for the truth made false statements, the search-warrant affidavit's remaining content must be reviewed to determine if probable cause exists. *See Franks*, 438 U.S. at 155-156. The remaining content must allow a reviewing judge to make a common sense decision whether, under the totality of the circumstances, including veracity and basis of knowledge of person(s) supplying information, there is a fair probability that contraband or evidence of a crime will be found in the particular place to be searched. If the remaining content cannot support this determination, then the trial judge should suppress the evidence. *Id*.

With the false statements excised from this search-warrant affidavit, there no longer exists a substantial basis for a finding of probable cause. Contrary to the holding of the Court of Appeals and the argument of the State, the search-warrant affidavit supports probable cause only if **Oliver**, not the confidential informant, were telling the truth. Since the confidential informant stayed in the car, down the road from the Home, her knowledge hinges on the reliability of **Oliver,** whose

credibility has not been established.[3] With the false information removed, nothing remains in the search-warrant affidavit to establish a substantial basis for a finding of probable cause.

### D. *Leon's* good faith exception to suppression

Finally, the State argues the Court of Appeals erred in holding that the good faith exception to an otherwise invalid search warrant did not apply. We disagree. In *U.S. v. Leon*, the United States Supreme Court held that evidence should not be suppressed which resulted from a search where law enforcement reasonably relied on a search warrant,  which was ultimately found to be invalid . *See* 468 U.S. 807, 920 (1978).  The Court, however, held suppression remains the appropriate remedy when a reviewing judge is intentionally misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Leon*, 468 U.S. at 923.

The State argues that the Court of Appeals erred when it held that the good-faith exception to suppression does not apply because the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Robinson*, 408 S.C. at 277, 758 S.E.2d at 730. We agree with the Court of Appeals that *Leon* does not apply. We hold that the good faith exception is not available, where, as here, the warrant issued is based on a search-warrant affidavit of the officer which contained representations known to be false. *See Leon*, 468 U.S. at 923.

### CONCLUSION

As explained in subsection A, *supra,* we hold that because the search-warrant affidavit**, on its face**, supports a finding of probable cause, an objective law enforcement officer's belief in it could be reasonable. Thus, the Court of Appeals erred in holding otherwise. However, because the information in the search-warrant affidavit concerning the informant/purported purchaser's reliability was intentionally false, *see* subsections B and C, *supra*, the credibility of the entire affidavit is compromised.

---

[3] Moreover, as Oliver was never searched prior to entering the Home, nothing in the record establishes that he did not possess the drugs prior to the alleged transactions.

For the reasons given above, the decision of the Court of Appeals is

**AFFIRMED AS MODIFIED**.


**BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice Jean H. Toal, concur.**