**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Sandy Lee Locklear, Appellant.

Appellate Case No. 2014-001354

―――――――――――

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2016-UP-313
Heard May 3, 2016 – Filed June 22, 2016

―――――――――――

**AFFIRMED**

―――――――――――

Edwin Thompson Kinney, of Mullikin Law Firm, LLC, of Camden, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

―――――――――――

**PER CURIAM:** Appellant, Sandy Lee Locklear, appeals her convictions for two counts of murder, arguing the trial court erred in (1) finding the search warrant for her home was supported by probable cause, (2) determining she was not in custody prior to being read her *Miranda*[1] rights and admitting her pre-*Miranda* statement, and (3) ruling the State did not violate *Missouri v. Seibert*.[2] We affirm.

First, we find the trial court did not err in determining the search warrant for Appellant's North Carolina home was supported by probable cause. *See State v. Dupree*, 354 S.C. 676, 683, 583 S.E.2d 437, 441 (Ct. App. 2003) ("An appellate court reviewing the decision to issue a search warrant should decide whether the magistrate had a substantial basis for concluding probable cause existed."); *id.* ("This review, like the determination by the magistrate, is governed by the 'totality of the circumstances' test."); *State v. Dunbar*, 361 S.C. 240, 246, 603 S.E.2d 615, 618-19 (Ct. App. 2004) ("A reviewing court should give substantial deference to a magistrate's determination of probable cause."); *State v. Sullivan*, 267 S.C. 610, 617, 230 S.E.2d 621, 624 (1976) (explaining "magistrates are concerned with probabilities and not certainties" when determining whether a search warrant should issue); *Dunbar*, 361 S.C. at 249, 603 S.E.2d at 620 ("[M]agistrates can issue search warrants based upon hearsay information that is not a result of direct personal observations of the affiant."); *State v. Driggers*, 322 S.C. 506, 510, 473 S.E.2d 57, 59 (Ct. App. 1996) ("[E]vidence of past reliability is not usually required when information is provided by an eyewitness because, unlike the paid informer, the eyewitness does not ordinarily have the opportunity to establish a record of previous reliability."); *id.* at 511, 473 S.E.2d at 60 ("[A] non-confidential informant should be given a higher level of credibility because he exposes himself to public view and to possible criminal and civil liability should the information he supplied prove to be false."); *State v. Rutledge*, 373 S.C. 312, 318, 644 S.E.2d 789, 792 (Ct. App. 2007) ("There is a presumption of validity with respect to the affidavit supporting the search warrant."); *State v. Robinson*, 415 S.C. 600, ___, 785 S.E.2d, 355, 358 (2016) ("[A] defendant has the right to challenge false statements in a search-warrant affidavit. In order to obtain relief, the defendant must prove the affiant knowingly and intentionally, or with reckless disregard for the truth, included false statements in the search-warrant affidavit." (citation omitted)); *id.* at ___, 785 S.E.2d at 359 (finding a search-warrant affidavit may still be upheld when the affiant knowingly, intentionally, or with reckless disregard for

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] 542 U.S. 600 (2004).

the truth included false statements in the affidavit if the remaining content establishes probable cause).

Next, we find the trial court did not err in finding Appellant was not in custody prior to being read her *Miranda* rights. *See State v. Evans*, 354 S.C. 579, 583, 582 S.E.2d 407, 409 (2003) ("Appellate review of whether a person is in custody is confined to a determination of whether the ruling by the trial [court] is supported by the record."); *id.* ("The purpose of the *Miranda* warnings is to apprise the defendant of her constitutional privilege to not incriminate herself while in the custody of law enforcement."); *State v. Navy*, 386 S.C. 294, 301, 688 S.E.2d 838, 841 (2010) (finding the question of whether a person is in custody for the purposes of *Miranda* is determined by examining the totality of the circumstances, "such as the location, purpose, and length of interrogation, and whether the suspect was free to leave the place of questioning"); *Evans*, 354 S.C. at 583, 582 S.E.2d at 410 ("The custodial determination is an objective analysis based on whether a reasonable person would have concluded that he was in police custody."); *State v. Williams*, 405 S.C. 263, 272, 747 S.E.2d 194, 199 (Ct. App. 2013) ("Custodial interrogation entails questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."). Further, we find the trial court did not err in admitting Appellant's pre-*Miranda* statement. *See State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Howard*, 384 S.C. 212, 220-21, 682 S.E.2d 42, 47 (Ct. App. 2009) ("An abuse of discretion occurs when the [trial court's] ruling is based on an error of law or a factual conclusion that is without evidentiary support."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("To warrant reversal based on the wrongful admission of evidence, the complaining party must prove resulting prejudice.").

Finally, we find the trial court properly held the State did not violate *Missouri v. Seibert*. *See Seibert*, 542 U.S. at 616-17 (addressing the admissibility of a statement obtained by questioning a suspect until incriminating information is elicited, administering *Miranda* warnings, and then—following the warnings—leading the suspect to cover the same incriminating information a second time); *id.* at 617 (holding postwarning statements repeating incriminating information given prior to warnings are inadmissible); *Navy*, 386 S.C. at 303, 688 S.E.2d at 842 (finding officers' actions violated *Seibert* when they questioned respondent with the knowledge victim had been suffocated and with the intent of eliciting a confession, "'sprang' the suffocation/healing-rib-fractures information on

respondent, began an unwarned custodial interrogation" designed to have respondent admit to hitting and smothering the child, allowed respondent a quick break, then gave respondent *Miranda* warnings and immediately resumed interrogation by the same officer).  Here, unlike *Seibert* and *Navy*, the purpose of questioning Appellant was to obtain information about crimes Appellant allegedly witnessed and of which she was a victim, not to elicit a confession or incriminating information about Appellant's involvement in the crimes.  Given the information available to the detective at the time he began Appellant's interview, i.e., Appellant's 911 call reporting the rape and murders, her statements to the officers who responded to the scene, and Appellant's statements to medical examiners and the rape crisis center representative, he reasonably believed Appellant was a victim-witness; therefore, the detective could not have known his questions would elicit an incriminating response.  *See Kennedy*, 325 S.C. at 303, 479 S.E.2d at 842 ("Interrogation is either express questioning or its functional equivalent.  It includes words or actions on the part of police . . . that the police *should know are reasonably likely* to elicit an incriminating response." (emphasis added)).

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**