**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Oredell Murray, Appellant.

Appellate Case No. 2014-000051

Appeal From Charleston County
Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2016-UP-409
Heard June 15, 2016 – Filed September 14, 2016

**AFFIRMED**

Leah B. Moody, of Law Office of Leah B. Moody, LLC, of Rock Hill; and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Special Assistant Attorney General Amie L. Clifford, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:**  Kenneth Oredell Murray appeals his conviction for armed robbery, arguing the trial court erred in failing to suppress his statements because they were involuntary and obtained in violation of the fruit of the poisonous tree doctrine.  He also argues the trial court erred in denying his motion for a directed verdict.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the voluntariness of the statements: *State v. Arrowood*, 375 S.C. 359, 366-67, 652 S.E.2d 438, 442 (Ct. App. 2007) ("A statement obtained as a result of custodial interrogation is inadmissible unless the suspect was advised of and voluntarily waived his or her rights under *Miranda v. Arizona*, 384 U.S. 436, 498-99."); *id.* at 367, 652 S.E.2d at 442 ("If a suspect is advised of his *Miranda* rights, but chooses to make a statement, the burden is on the State to prove by a preponderance of the evidence that his rights were voluntarily waived."); *State v. Pittman*, 373 S.C. 527, 566, 647 S.E.2d 144, 164 (2007) (stating "[i]n determining whether a confession was given 'voluntarily,' the appellate court must consider the totality of the circumstances surrounding the defendant's giving the confession," including "'the youth of the accused, his lack of education or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length of detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep'" (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973)); *State v. Breeze*, 379 S.C. 538, 543, 665 S.E.2d 247, 250 (Ct. App. 2008) ("[O]n appeal[,] the trial court's findings as to the voluntariness of a statement will not be reversed unless they are so erroneous as to show an abuse of discretion."); *State v. McClure*, 312 S.C. 369, 371-72, 440 S.E.2d 404, 405-06 (Ct. App. 1994) (stating the question of the voluntariness of a confession can come down to a question of credibility, which the trial court may resolve in favor of the officers); *State v. White*, 410 S.C. 56, 58, 762 S.E.2d 726, 727 (Ct. App. 2014) ("Because there is conflicting evidence, the trial court was charged with making a finding that [the appellant] received *Miranda* warnings and intelligently waived his right to silence prior to making a statement.").

2.  As to the fruit of the poisonous tree: *State v. Adams*, 409 S.C. 641, 648, 763 S.E.2d 341, 345 (2014) ("Generally, evidence derived from an illegal search or arrest is deemed fruit of the poisonous tree and is inadmissible." (quoting *United States v. Najjar*, 300 F.3d 466, 477 (4th Cir. 2002))); *State v. Spears*, 393 S.C. 466, 483, 713 S.E.2d 324, 333 (Ct. App. 2011) ("The duty of the appellate court is simply to determine whether the magistrate [who issued the search warrant] had a

substantial basis for concluding that probable cause existed."); *State v. Philpot*, 317 S.C. 458, 461, 454 S.E.2d 905, 907 (Ct. App. 1995) ("The task of a magistrate when determining whether to issue a warrant is to make a practical, common sense decision as to whether, under the totality of the circumstances set forth in the affidavit, there is a fair probability that evidence of a crime will be found in a particular place."); *State v. Robinson*, 415 S.C. 600, 605, 785 S.E.2d 355, 357 (2016) ("An appellate court gives great deference to the issuing judge's probable cause determination.").

3.  As to the directed verdict: *State v. Cope*, 405 S.C. 317, 348, 748 S.E.2d 194, 210 (2013) ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate c]ourt must find the case was properly submitted to the jury." (quoting *State v. Curtis*, 356 S.C. 622, 633-34, 591 S.E.2d 600, 605 (2004))); *State v. Osborne*, 335 S.C. 172, 180, 516 S.E.2d 201, 205 (1999) ("[T]he corroboration rule is satisfied if the State provides sufficient independent evidence which serves to corroborate the defendant's extra-judicial statements and, together with such statements, permits a reasonable belief that the crime occurred."); *State v. Dodd*, 354 S.C. 13, 17, 579 S.E.2d 331, 333 (Ct. App. 2003) ("The State may prove the *corpus delicti* of armed robbery by establishing that a robbery was committed and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**