**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Trevin Millidge, Appellant.

Appellate Case No. 2015-000281

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-220
Heard February 15, 2018 – Filed May 30, 2018

———————

**AFFIRMED**

———————

Timothy J. Vitollo, of Vitollo Law Firm, LLC, of North
Charleston, and Chief Appellate Defender Robert
Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia, and Solicitor Isaac McDuffie Stone, III, of
Bluffton, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities:

1.      As to Appellant's argument the trial court erred in denying his motion to suppress evidence obtained by a search warrant because it contained insufficient information concerning a confidential informant's reliability, we find no error.  *See State v. Kinloch*, 410 S.C. 612, 617, 767 S.E.2d 153, 155 (2014) ("In reviewing a magistrate's probable cause determination, circuit court judges must determine whether the issuing magistrate had a substantial basis upon which to conclude that probable cause existed."); *State v. Bellamy*, 336 S.C. 140, 144, 519 S.E.2d 347, 349 (1999) (noting the duty of a court reviewing a determination that probable cause exists for issuance of a search warrant is to ensure the issuing judge had a substantial basis for concluding that probable cause existed); *Kinloch*, 410 S.C. at 617, 767 S.E.2d at 155 ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place."); *State v. Robinson*, 415 S.C. 600, 605, 785 S.E.2d 355, 357 (2016) ("The veracity and the basis of knowledge of persons supplying the information in a search-warrant affidavit are considerations in the determination of whether there is probable cause to issue a search warrant."); *id.* ("An affidavit based *solely* on information provided by a confidential informant must contain information supporting the credibility of the informant and the basis of his knowledge." (emphasis added)); *State v. Dupree*, 354 S.C. 676, 687, 583 S.E.2d 437, 443 (Ct. App. 2003) ("An informant's controlled buy of drugs can constitute probable cause sufficient for a magistrate to issue a warrant."); *Bellamy*, 336 S.C. at 143-44, 519 S.E.2d at 349 (noting an informant's veracity or reliability and his basis of knowledge are not to be construed separately, but are closely intertwined elements and relevant considerations in the totality-of-the-circumstances analysis, and "a deficiency in one of the elements may be compensated for . . . by a strong showing as to the other, or by some other indicia of reliability"); *id.* at 145, 519 S.E.2d at 349 (finding an affidavit in support of a search warrant was sufficient even though it was weak on the element of the reliability of the informant because "this deficiency [was] compensated for by the strong showing of specificity, first-hand observation, and partial corroboration"); *Dupree*, 354 S.C. at 690, 583 S.E.2d at 444 ("[When] the affidavit is based in part on information provided by an informant of unknown reliability, police corroboration of details provided in the tip may establish probable cause."); *Robinson*, 415 S.C. at 605, 785 S.E.2d at 357-58 (finding the contents of a search warrant affidavit were sufficient to provide the trial court a substantial basis to believe that the police department had a confidential informant who bought a substance that tested positive for cocaine from the home in question and the informant had made other recent purchases of illegal drugs from the home, such that, "[l]ooking at the four corners of the affidavit, there [was] information

from which the [trial court] could conclude the confidential informant was reliable"); *State v. Rutledge*, 373 S.C. 312, 318, 644 S.E.2d 789, 791-92 (Ct. App. 2007) (finding the magistrate had a substantial basis for concluding that probable cause existed to issue a search warrant for the residence when the search warrant was not based solely on the tip from the confidential informant, noting marijuana was found by officers in the trash can in front of the residence and the electric bill was registered in Rutledge's name, thus substantiating the credibility of the informant and the veracity of his statements).

2.      As to Appellant's argument the trial court erred in denying his motion to suppress the alleged confession because the alleged confession was obtained as a result of a defective search warrant and was, thus, fruit of the poisonous tree, we first question whether this issue is preserved for review, as Appellant never asserted this as a basis for suppression to the trial court.  *State v. McKnight*, 352 S.C. 635, 646, 576 S.E.2d 168, 174 (2003) (noting an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review); *State v. Benton*, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (noting a defendant may not argue one ground below and another on appeal).  At any rate, we find no merit to this argument inasmuch as we have concluded the affidavit supporting the warrant was sufficient to provide a substantial basis for the issuing magistrate to conclude that probable cause existed for issuance of the warrant.

3.      As to Appellant's argument the trial court erred in denying his motion to suppress the alleged confession because he was not advised of his rights to remain silent and to an attorney under the Fifth and Sixth Amendments to the United States Constitution, we likewise question whether Appellant's stated issue on appeal or the arguments made in his brief are preserved.  *See McKnight*, 352 S.C. at 646, 576 S.E.2d at 174 (noting an issue must be raised to and ruled upon by the trial court in order to be preserved for appellate review); *Benton*, 338 S.C. at 157, 526 S.E.2d at 231 (noting a defendant may not argue one ground below and another on appeal).  Nonetheless, even assuming proper preservation of Appellant's contentions, we find no error.  *See State v. Breeze*, 379 S.C. 538, 543, 665 S.E.2d 247, 250 (Ct. App. 2008) (stating an appellate court's role in "reviewing a trial court's ruling concerning the admissibility of a statement upon proof of its voluntariness is not to reevaluate the facts based on our view of the preponderance of the evidence", but is "limited to determining whether the trial court's ruling is supported by any evidence"; a trial court's finding as to voluntariness of a statement will not be reversed on appeal unless so erroneous as to show an abuse of discretion).

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**